FOLEY, BROTHER & COMPANY *vs.* ABBOTT & BROTHER.

1. It is competent to show by one who knows, what was the mutual understanding between the parties to a trade, it being in issue what the contract was.
2. It is competent to show the understanding of one party to a trade on which he acts, with full knowledge thereof in the other party or his agent, in connection with the contract.
3. Where business is conducted by ciphers or symbols, they may be translated or explained by one who knows their meaning.
4. We find no error in the charge of the court.
5. Although the court may have indicated a necessity for shortening the argument of counsel, yet where counsel on both sides entered into a written consent that the argument should be limited, which was done, the action of the court was no ground for a new trial.

Evidence. Charge of Court. Practice in the Superior Court. New Trial. Before Judge HILLYER. Fulton Suprior Court. September Term, 1879.

To the report contained in the decision it is only necessary to add, that the following were among the grounds of the motion for new trial: (1.) Because the court admitted the following testimony of a witness, Youngblood, over objection of defendants' counsel: "At the time plaintiffs made the offer, witness showed plaintiffs a sample of coffee which was marked "M. 8." and told plaintiffs it was cheap at the price, and plaintiffs bought by the sample; and while I do not recollect to have said so, it was the understanding of the parties that the bulk should be equal and of same quality with sample shown plaintiffs." (2.) Because the court allowed Youngblood to testify over objection of defendants' counsel, as follows: That it was his understanding that the characters "M. 8." referred to the grade, quality and kind of coffee represented by the sample by which he sold the coffee. (3.) Because the court allowed the plaintiffs to testify over objection of defendants' counsel, that their understand-

ing was similar to that stated by Youngblood in the grounds just above.

The other grounds are stated sufficiently in the decision.

ARNOLD & ARNOLD, for plaintiffs in error.

B. F. ABBOTT, for defendants.

SPEER, Justice.

Abbott & Brother brought their suit by attachment against Foley, Bro. & Co., to recover damages to the amount of $156.62, which they allege they had sustained by reason of the fact that the said Foley, Bro. & Co. had failed to deliver to them, the plaintiffs, sixty-one sacks of coffee weighing about 8,000 pounds, purchased by plaintiffs of them, which the said Foley, Bro. & Co. had agreed to do at a certain time. Further, plaintiffs allege that the said sacks of coffee were sold by sample, and at the price of $11\frac{3}{4}$ cents per pound. That Foley, Bro. & Co. had sent them certain sacks of coffee to fill said contract, of inferior quality to that they had agreed to deliver, and of less value. They further allege that they had contracted to sell the coffee purchased of Foley, Bro. & Co. to certain customers at a price which would have realized a profit, and that by reason of the failure of Foley, Bro. & Co. to deliver said coffee as they had agreed to do, plaintiffs below were damaged the amount claimed.

To this suit defendants below filed their plea of the gen eral issue. Upon the trial evidence was submitted on both sides, and the jury found a verdict for plaintiffs for the amount of seventy-nine dollars with costs.

Defendants filed their motion for a new trial on various grounds as are set forth in the record. On the hearing thereof the same was overruled and defendants excepted. The first three are the usual grounds, that the verdict is contrary to evidence, to law and justice and equity.

1, 2, 3. The fourth ground is for alleged errors in the

admission of the testimony of the witnesses Youngblood, W. L Abbott and L. L. Abbott, which testimony is set forth in said ground and alleged to be incompetent.

Youngblood was the party who acted for Foley, Bro. & Co., in making the alleged contract with Abbott & Bro. in the sale of the coffee.   One of the vital questions in the case was, whether the coffee was sold by sample.   On this point Youngblood was allowed to state "what was the understanding of both parties to the contract," and this is the error complained of.   He was also allowed to prove that the mark " M. 8 " represented a lot of coffee of sixty-one bags, of same quality as the sample he exhibited to the purchasers at time of sale.   We see no error in the admission of this evidence—we think it was both pertinent and competent to prove what was the *true contract* of sale, whether by sample or otherwise, and equally so, to explain the meaning of a cipher, sent by agent of Foley, Bro. & Co., as part of the contract, by telegram—especially when that cipher is recognized and intelligently responded to by defendants.   We should have more difficulty in holding the testimony of the plaintiffs (the Abbotts), who were sworn in this case, to be admissible as to "*their* understanding as to the terms of the contract," had not this testimony of Youngblood's already been received.   *He* had already testified that *both parties* had so understood "that the sale was by sample," and in view of this, we do not see why the plaintiffs should not give "their understanding of its terms."   If the defendants *knew* plaintiffs so understood the contract, and were acting on it, it would bind them on this point.   See 13 *Ga.*, 496; 10 *Ib.*, 403 ; 12 *Ib.*, 257.

But if we were to hold that the evidence of these plaintiffs was incompetent as to "their understanding" as to the terms of this contract, the same evidence was competent as given by Youngblood, and we would not be inclined to reverse the judgment for this cause alone.

The same reason would apply to the testimony of other

witnesses to the same effect, which was objected to. We do not think the interpreting of "ciphers" and to make them speak what those who use them intend they shall and mean is "adding to or varying the written contract by parol evidence," as is made a ground of error in the fifth ground of this motion. Much of the commerce of the world is now conducted by telegram and in ciphers, a language not understood by the outside world; whenever truth demands it, the true meaning of these ciphers are subject to be explained, and their explanation is but the translation of the language used, just as it would be competent to translate a written document from a foreign to a language familiar to court and jury.

4. The remaining grounds of the motion (except one) are alleged errors in the charge of the court, in which we can find no good cause for complaint after a most careful scrutiny.

5. The eleventh and last ground of the motion is an alleged error on the part of the "court" in "its action and procedure," set out with some particularity in this ground. The sum of the complaint was that the court, by threatening to continue said cause, forced defendants counsel to limit to a period of time "wholly insufficient, his argument to the jury on the merits of the case." Suffice it to say, the court certifies his conduct is not correctly reported "in its spirit and manner," and we think it only necessary to add, in reply to this ground of error, that the record shows that the argument of counsel was limited on *both sides by consent in writing signed by them* and entered on the minutes. We must conclude that this is such an acquiescence in the wishes of the court, on the part of counsel, and in such a way that we do not feel called upon to reverse the judgment for this reason. The length of the record brings to this court some evidence, at least, that the rights of these respective parties were contested on the trial with a zeal and perseverance that satisfies us that the cause has had "its day in court;"

that the law of the case was fairly submitted, its evidence clearly presented, and, if we do not afford the parties interested, and who are complaining here, the opportunity of continuing this contest, we may disappoint them, but we believe we will do the cause of justice no violence.

Let the judgment of the court below be affirmed.