TUNIS J. CARY v. THE MAYOR AND COUNCIL OF THE BOROUGH OF NORTH PLAINFIELD.

The prosecutor was licensed as a cartman in the city of Plainfield, where he resided. At his stand there he was hired to go into the borough of North Plainfield for two loads of furniture, to be carted from the borough into the city. For fulfilling this contract without paying a revenue tax to and obtaining a license from the borough, he was fined under a borough ordinance. Held, that he had not become subject to taxation in the borough, under the provisions of the act respecting licenses, approved May 2d, 1885 (Pamph. L. 1885, p. 317), and that the fine was illegal.

On *certiorari* to the mayor of the borough of North Plainfield.

Argued at February Term, 1886, before Justices DEPUE, DIXON and REED.

For the prosecutor, *W. L. Hetfield.*

For the defendants, *J. H. Jackson.*

The opinion of the court was delivered by

DIXON, J.   The prosecutor was a resident of the city of Plainfield, where he had a stand as cartman, to conduct which business he was licensed by that municipality.   On November 2d, 1885, he was hired in the city to go into the borough of North Plainfield for two loads of furniture, to be carried from the borough into the city.   For fulfilling this contract he was charged with a violation of an ordinance of the borough "for the licensing and regulation of cartmen," &c., which forbade any person to drive any truck for hire, within the limits of the borough, without being licensed therefor, and exacted a tax for each license granted.   The prosecutor's conviction on this charge is now before us for review.

The ordinance was passed under the following statute, viz. :

"A supplement to an act entitled 'An act respecting licenses in cities, incorporated boroughs, or police; sanitary and improvement commissioners, and incorporated camp meeting associations or seaside resorts,' approved March twenty-fifth, one thousand eight hundred and eighty-one.

"1. Be it enacted by the senate and general assembly of the State of New Jersey, that section one of the act to which this is a supplement be amended so that the same shall read as follows :

"[1. Be it enacted by the senate and general assembly of the State of New Jersey, that it shall be lawful for the common council, board of aldermen or other governing body of

any city, incorporated borough, or police, sanitary and improvement commission, incorporated camp meeting association or seaside resort in this state, to make and establish ordinances for the following purposes : to license and regulate cartmen, porters, hacks, cars, omnibusses, milk wagons, stages and all other carriages and vehicles used for the transportation of passengers, baggage, merchandise and goods and chattels of any kind ; and the owners and drivers of vehicles and means of transportation, also auctioneers, common criers, hawkers, peddlers, pawnbrokers, junk-shop keepers, keepers of bathhouses, boarding-houses and news-stands, sweeps, scavengers, traveling and other shows, circuses, theatrical performances, plays, exhibitions, concerts, skating-rinks, itinerant venders of medicines and remedies, and persons professing and practicing the healing art, and also the place or places and premises in which or at which the different kinds of business or occupation mentioned herein are or may be carried on or conducted ; and to fix the rates of compensation to be paid therefor, and to prohibit all persons and places, and all vehicles unlicensed, from acting, using or being used in said capacities, and for such uses and purposes, and to fix and prescribe penalties for the violation of any such ordinance or ordinances, and that the fees for such licenses may be imposed for revenue; provided, that no person or persons shall be required to take out a license for the selling of any product of his farm situated in this state.]

"2. And be it enacted that this act shall take effect immediately.

"Approved May 2d, 1885."

The substantial question raised is whether this statute authorizes a municipality to require a license tax for revenue from a person driving his truck for hire into or through the borough in the occasional pursuit of his business as cartman established elsewhere. If the statute warrants such an exaction, the borough ordinance seems sufficient to enforce it; but if the statute does not, the ordinance is so far inoperative.

The inconvenience attendant upon the exercise, by every municipality in the state, of the power of excluding from its limits all unlicensed vehicles engaged in transporting goods or passengers for hire, is manifest.  Its legitimate operation would require the owners of such vehicles to obtain licenses not only from the authorities of the place where their business had its headquarters, but also from every neighboring town into which their casual engagements might call them, or else to unload their vehicles at the border line.  A general law having effects so burdensome or so absurd is not to be anticipated, and only unequivocal language could convince a court that such legislation was intended.  The statute now under review is not of this character.  Its terms are satisfied by holding that license taxes are to be imposed only by that municipality in which *the business or occupation is carried on or conducted.*  It is the business, and not the mere incidents of the business, which constitutes the subject of taxation.  Hence the *situs* of the business is the proper place for levying the tax.  Of this purport was the decision in *Commonwealth* v. *Stodder,* 2 *Cush.* 562, where the employment of an inhabitant of Roxbury, who ran an omnibus from Roxbury into Boston and back, was deemed not within the authority and control of the mayor and aldermen of Boston to such extent as to authorize them to require him to be licensed before exercising the employment.  So far as mere regulation, while within the borough limits, is concerned, the power of the municipality is not questioned ; all persons and things within its boundaries are subject to reasonable provisions of that nature.  But when a power to tax for revenue is claimed, something more than mere temporary presence in the borough must be shown.  It must appear that the business to be taxed is carried on in the municipality, and occasional passage or transportation into, through or out of the borough, incidental to the pursuit of a business elsewhere established, cannot fairly be regarded as localizing the business there, so as to bring it within the taxing power granted by the statute now in question.

We think the borough could not legally exact an employment tax from the prosecutor, and his conviction for not paying such a tax and obtaining a license should be set aside, with costs.