## DANIEL *v.* MADDOX-RUCKER BANKING COMPANY.

1. The following proposition from one engaged in the cotton business was submitted by letter to a cotton buyer and accepted by the latter: "We will pay you 25 cts. a bale commission, give you a basis on which to buy and on which we will take the cotton bought on that day, subject to change as the market fluctuates. Your cotton to be received here, and returns sent you for it as soon as possible after we receive it. We are going to give you a good basis. If you buy your cotton with any judgment, with the 25c. commission you ought to make a little money." *Held*, that this arrangement did not create the relation of principal and agent relatively to the business transacted in virtue of the contract.

2. The terms "basis" and "returns," used in the foregoing contract, are technical terms of trade, and testimony of experts in the cotton business was admissible to explain their meaning.

3. Where evidence is admitted without objection, and a motion is subse-

quently made to exclude it, the correctness of the ruling on the motion can not be considered when no error is assigned thereon.

Argued January 24,—Decided February 21, 1906.

Complaint. Before Judge Freeman. Meriwether superior court. April 15, 1905.

*J. R. Terrell,* for plaintiff in error.

*Smith, Hammond & Smith,* contra.

EVANS, J. R. W. Daniel, of Bullochville, Ga., was a cotton buyer, and he entered into a contract with the Maddox-Rucker Banking Company, of Atlanta, Ga., to sell and ship to that company such cotton as he might buy under the terms expressed in a letter addressed to him by the banking company, the material portions of which were as follows: "We will pay you 25 cts. a bale commission, give you a basis on which to buy and on which we will take the cotton bought on that day, subject to change as the market fluctuates. Your cotton to be received here, and returns sent you for it as soon as possible after we receive it. We are going to give you a good basis. If you buy your cotton with any judgment, with the 25c. commission you ought to make a little money. But just now there is so much wet gin-cut cotton coming in that we do not want to handle it, and advise you to let it alone until the cotton begins coming in of good quality." During the pendency of this business arrangement, the banking company advanced to Daniel various amounts of money, and bought, in pursuance of the terms of the contract, a certain amount of cotton, the proceeds of which, together with the 25 cents per bale commission, were credited upon the amount advanced, leaving a balance due for which the banking company brought suit. The defendant pleaded, that he was not indebted to the plaintiff; that he bought cotton during the preceding season as the plaintiff's agent, and that, after crediting the amount advanced to him with the sums expended in the purchase of cotton and with the agreed commission of 25 cents per bale, the banking company would be found to be indebted to him in a certain amount stated, for which he asked judgment. Upon the trial of the case the jury returned a verdict in favor of the plaintiff for the full amount sued for; whereupon the defendant made a motion for a new trial, complaining that the verdict was contrary to the evidence, and that the court admitted certain testimony set out in the

motion for a new trial.   The motion was overruled, and the defendant excepted.

1. The dealings between the plaintiff and the defendant were conducted entirely by correspondence.   The contract between them is fully expressed in the letter the material portions of which are quoted. in the foregoing statement of facts.   None of the subsequent letters could be construed as changing the contract between the parties as thus expressed.   The defendant insists, that this contract created the relation of principal and agent, that the defendant was not responsible for any loss of weight in the cotton occasioned by the failure of the railroad company to promptly transport the cotton to Atlanta, that the weights of the cotton at the place of purchase were correctly ascertained, and that the losses in weight caused by the delay in shipment fell upon his principal. We are unable to agree with his counsel in this contention.   The plaintiff bank obligated itself to furnish, as the market fluctuated, a basis upon which it would take the cotton, at Atlanta weights, and guarantee the specified price to the defendant; and the plaintiff agreed, in addition thereto, to pay the defendant a commission of 25 cents for each bale purchased.   There was no obligation on the part of the banking company to furnish money to the defendant with which to purchase the cotton.   The advances which it made to him were entirely voluntary and for his accommodation. The business of the defendant was that of an independent cotton buyer who had prudently undertaken to arrange with a purchaser, in advance, to take such cotton as he might be able to buy on the basis of certain prices to be furnished him from time to time by such purchaser.   The defendant thus sought to protect himself against sudden market fluctuations and to assure himself of a profit of at least 25 cents a bale on all cotton which he bought, in case there was no loss in weights at the delivery point and the cotton was properly classified on the purchasing basis.   If he was able to buy at a price less than that stated in the basis furnished him by the banking company, he would make an additional profit. The contract amounted to no more than an agreement to pay for cotton shipped to the banking company a specified price, on delivery at Atlanta, with an additional allowance of 25 cents per bale. This agreement did not constitute the defendant the agent of the banking company. *Central Georgia Land Co.* v. *Exchange Bank,*

101 *Ga.* 345. On the contrary, the various letters of the defendant recognize that the relation between the parties was that of buyer and seller, and not one of agency.

2. On the trial it was agreed between the parties that either side might offer in evidence properly executed affidavits of witnesses in lieu of interrogatories, subject only to the objections of immateriality or irrelevancy. The plaintiff tendered several affidavits from persons who were experts in the cotton business and were familiar with the meaning of the terms "basis" and "returns,". as commonly used in cotton transactions. These witnesses deposed, that the word "basis," when used in connection with the purchase or sale of cotton, always and everywhere means the price per pound for cotton of the grade known as "middling," relatively to which the prices of all other grades are fixed; and that the word "returns," as universally understood in the cotton business, referred to a statement showing the marks and number of each bale, the time it was received by the consignee from the carrier, its weight when so received, the price per pound on the basis on which it was bought, the classification made of it by the consignee, and its net proceeds, as determined by multiplying the weight so arrived at by the price so arrived at, which were to be credited to the account of the shipper. The objection to these affidavits was that they were irrelevant, because the contract between the parties, as expressed in the letter written to the defendant by the banking company, was unambiguous. The terms "basis" and "returns," as understood in the cotton business, are technical terms of trade, and without a knowledge of their meaning as employed in that letter the court would be unable to correctly construe it. The contract was to this extent ambiguous, and the court properly received the evidence objected to. Not only was it relevant, but the correspondence between the parties conclusively shows that each understood these terms in the contract to mean what the witnesses testified they signified when employed in cotton dealings, and the parties gave effect to the contract as thus mutually understood by them.

3. The parties further agreed in writing that all letters offered by either might be admitted in evidence without objection except as to relevancy. The plaintiff's counsel tendered the entire correspondence of the defendant relating to his transactions with the banking company, and this evidence was admitted without objec-

tion.   When counsel for the plaintiff, while arguing the case to the jury, commented upon a certain letter received from the defendant, his counsel moved to rule it out on the ground that it submitted a proposition of compromise.   The court overruled the motion to rule out this evidence.   In his motion for a new trial the defendant complains that "the court erred in admitting as evidence" the letter from the defendant to the plaintiff just referred to.   There is, however, no assignment of error upon the refusal of the court to rule out the letter, after it had been admitted in evidence without objection, upon the motion made by defendant's counsel pending the argument to the jury.   We are not, therefore, called on to decide whether the trial judge rightly refused to rule out the letter because of the stipulation of the parties that all letters were to be received in evidence, subject only to the objection of immateriality or irrelevancy.

The evidence fully authorized, if it did not demand, the verdict returned by the jury, and for no reason assigned did the court below err in overruling the defendant's motion for a new trial.

*Judgment affirmed.   All the Justices concur, except Lumpkin, J., disqualified.*