## VARDEMAN v. PENN MUTUAL LIFE INSURANCE CO.

1. The term "general agent," as applied to one representing a corporation, does not necessarily import that the person so designated is an officer of the corporation.
2. A custom of trade or business does not by implication become a part of a written contract, when there is a distinct provision in the writing expressly denying the right claimed under the custom.
3. A petition seeking to reform a contract of insurance is properly dismissed on demurrer when it appears therefrom that the agent of the insurer with whom the contract was made had no authority to make the contract in the form in which it is sought to be reformed.

Argued February 24,—Decided March 24, 1906.

Equitable petition. Before Judge Little. Muscogee superior court. June 19, 1905.

Mrs. A. O. Vardeman brought suit against the Penn Mutual Life Insurance Company, and alleged: On July 31, 1902, the company issued a policy of insurance upon the life of A. O. Vardeman, agreeing to pay $1,000 to petitioner in case of the death of the insured. When A. O. Vardeman purchased the policy it was represented to him that the second premium need not be paid until thirty days after July 31, 1903. The insured was informed and assured by the agent of the defendant that "it was the general custom of their business, and was universal," to extend the insurance and date of payment for thirty days from the date of payment named in the policy. When the insured insisted on inserting this provision in his contract of insurance, the agent, in the presence of the insured, referred the matter to the "general agent of the company in Columbus," who stated in the presence of the insured that it was not necessary, that it was the custom of the defendant to so extend the time of payment, that the receipt would be in his office, and that the insured could pay it in the thirty days. The insured died on August 20, 1903. The second premium was due under the policy on July 31, 1903. On August 22, 1903, petitioner tendered to the defendant the amount of the second premium. The defendant refused to accept it, and declared the policy had been forfeited. Petitioner prayed for judgment, and for a reformation of the contract of insurance, so that it would contain the provision for the thirty-day extension. The policy contained the stipulation that if the premiums were not paid when due, the policy should be null and void, and the further stipulation: "No alteration of this contract or waiver of any of its conditions shall be valid unless made in writing and signed by an officer of the company." The defendant demurred to the petition, on the ground that it set forth no cause of action. This demurrer was sustained and the petition dismissed. To this judgment the plaintiff excepted.

Citations by counsel: Civil Code, §§ 2089, 2117, 3675, 3981-2, 3984, 5201; *Ga. R.* 40/135; 41/660; 54/289; 65/228; 70/794; 79/466; 94/128; 98/262; 101/809; 103/382; 106/1, 864; 108/391, 396, 398; 110/146, 148-9; 111/482, 486, 865; 115/192; 122/847; 144 U. S. 449-450; 19 A. & E. Enc. L. (2d ed.) 54, 55.

*Hatcher & Carson* and *McCutchen & Bowden,* for plaintiff.

*G. W. Pepper, Garrard & Garrard,* and *W. C. Neill,* for defendant.

Cobb, P. J. · (After stating the foregoing facts.)    The contract of insurance contained the following stipulation: "No alteration of this contract or waiver of any of its conditions shall be valid unless made in writing and signed by an officer of the company." The plaintiff in this case sought a reformation of the contract which would alter it materially and waive one of its conditions, upon the ground that the alteration and waiver were made by "the general agent of the company at Columbus." In the case of *Hutson* v. *Prudential Ins. Co.*, 122 *Ga.* 847, there was a stipulation that no provision or condition of the policy could be waived except by endorsement on the policy, signed by the president, one of the vice-presidents, the secretary, the assistant secretary, or the actuary; and it was held that a general agent was without authority to waive any condition in the policy, and that "no person save the designated officers of the company would have such authority." In the present case the person authorized to make the waiver is designated by the general term "officer," and the question is whether a general agent is an officer.

One distinction between officers and agents of a corporation lies in the manner of their creation. An office is created by the charter of the corporation, and the officer is elected by the directors or the stockholders. An agency is usually created by the officers, or one or more of them, and the agent is appointed by the same authority. It is clear that the two terms, officers and agents, are by no means interchangeable. One, deriving its existence from the other, and being dependent upon that other for its continuation, is necessarily restricted in its powers and duties, and such powers and duties are not necessarily the same as those pertaining to the authority creating it. The officers, as such, are the corporation. An agent is an employee. "A mere employment, however liberally compensated, does not rise to the dignity of an office." 21 Am. & Eng. Enc. L. (2d ed.) 836. In Wheeler & Wilson Mfg. Co. v. Lawson, 57 Wis. 400, it was held that under a statute requiring an affidavit to be made by an officer of a corporation, the general agent or managing agent, within the State, of a foreign corporation is not an officer. In Farmers Loan & Trust Co. v. Warring, 20 Wis. 305, service was made upon the "principal agent" of a corporation holding in trust a railroad, when the statute required service upon a "principal officer." In answering the question whether or not the

agent was a principal officer, the court said: "It is evident he was not, and must be regarded only as an agent, not as an officer of any kind, much less a principal officer." A ruling that a "general manager" of a corporation was not authorized to verify pleadings, under a statute requiring verification by "an officer," was made in *Meton v. Isham Wagon Co.*, 4 N. Y. Supp. 215. In *Raleigh R. Co.* v. *Pullman Co.*, 122 *Ga.* 704 (4), it was held that the term "general manager," as applied to one representing a corporation, and especially a railroad corporation, imported an agent of very extensive authority; but it was not ruled that even the term "general manager" would import that the person holding that position was necessarily an officer of the company. One distinction between an officer and an agent, suggested in *Commonwealth v. Christian*, 9 Phila. (Pa.) 558, is that an officer of a corporation, if illegally excluded from his office, may by mandamus compel the corporation to reinstate him; while an agent may be dismissed without cause, and his only remedy would be compensation in damages. It would not be contended that the "general agent of the defendant at Columbus," in the event of his discharge, could be reinstated by mandamus. We do not think that the general agent at Columbus was an officer of the defendant company. Therefore his alleged waiver of a condition in the policy was not binding upon the company.

The petition of the plaintiff further alleged that the extension of thirty days time for the payment of premiums was "the general custom of their business and was universal." A custom that is universal may by implication become a part of a contract; for, in the absence of a stipulation to the contrary, it is supposed the minds of the parties met on the incorporation of this custom into the contract, as well as upon the written provisions of the same. But when there is in the writing a distinct provision expressly denying a right claimed under the custom, the terms in the writing prevail and the custom goes for nothing. See *Haupt* v. *Prudential Life Ins. Co.*, 110 *Ga.* 146. The general agent at Columbus had no authority to change the contract as contained in the written policy, nor to make the contract which the policy would contain if the writing were reformed as prayed by the plaintiff. There was no error in dismissing the petition.

*Judgment affirmed. All the Justices concur*