CITY OF LaGRANGE *et al. v.* WHITLEY.

No. 10769. JULY 12; 1935.

*J. T. Thomasson,* for plaintiff in error.

*L. M. Wyatt* and *Howell & Post,* contra.

BELL, Justice. During each of the years 1930, 1931, 1932, 1933, and 1934, there was of force in the City of LaGrange an ordinance levying an occupation tax of $50 upon each contractor engaged in "street or sidewalk paving." Claiming that J. E. Whitley, operating as Whitley Construction Company, was subject to this tax for each of these years and had not paid the same, the city authorities, on June 13, 1934, caused an execution to be issued in favor of the city and against Whitley for the total sum claimed.

The execution was levied on a described parcel of land as the property of the defendant in execution, and the property was advertised to be sold on a day specified. In this situation Whitley filed a suit against the City of LaGrange and its officers, alleging the facts stated above as to the issuance and levy of the execution, and also the following: "(8) That petitioner has no remedy at law. (9) That your petitioner is not due the City of LaGrange any amount for a license for the years 1930, 1931, 1932, 1933 nor 1934. (10) That petitioner has violated no city ordinance, and is not now engaged in any business in the City of LaGrange, nor has he been so engaged during the years above stated, that would require him to pay a license. (11) That if petitioner has violated any city ordinance by failure to pay any license, the said city has the legal right to prosecute your petitioner in the criminal courts, and the civil action will not lie." The prayers were for an injunction to restrain the defendants from selling the property, and for general relief and process. The defendants filed a general and special demurrer challenging the petition as a whole for insufficiency, and objecting to the allegation in paragraph 10 that the plaintiff has not been engaged in any business in the City of LaGrange "during the years above stated that would require him to pay a license" on the ground that it was a mere conclusion of the pleader. The defendants also filed an answer denying the allegations of the petition so far as they disclaimed liability on the part of Whitley. The court overruled the demurrer, and, after hearing evidence, granted an interlocutory injunction. To these rulings the defendants excepted.

The questions for decision are whether the petition was subject to either ground of the demurrer, and whether under the evidence the injunction should, as a matter of law, have been denied. Whitley contends that while he is engaged in the business of a paving contractor, he did not conduct such business in the City of LaGrange during any of the years for which the tax was claimed, except in 1930 and 1934, although he personally resides and maintains his general office in that city. He did some paving within the limits of the city during the years 1930 and 1934, but he insists that the city authorities, by a valid contract, relieved him of the tax for those years. He further contends that in no event can he be held liable for the tax referred to, because the business con-

ducted by him has been executed solely in connection with public works, and that consequently he is exempt from the tax as one occupying the status of an agency of government. These contentions, or at least some of them, make it necessary to consider the evidence. The plaintiff testified by affidavit as follows: "Deponent states that he adopts his petition as being true and as a part of this affidavit, so that the same may be used as evidence upon the hearing of the case; that during the years 1930, 1931, 1932, 1933, and 1934 he was engaged in the paving business; that his office where the general office work is done is located in the City of La-Grange, but he maintained an office in various other places where the work was being done, and all of the detail work and business was transacted through the office located where the work was being done; that he has done no paving in the City of LaGrange during the years above stated, nor in any other city in the State, except by contract with the City of LaGrange; that he paved Ben Hill Street, Boulevard, Waverly Way, and Winzor Way during the year 1930, by reason of his being lowest bidder when the contracts were let after advertisement, and in which every contractor was permitted to bid; and that after he was low bidder he did said paving under a contract with the City of LaGrange; that all work that he has done in the City of LaGrange was done by and under a contract with the city, except a strip of roadway on Hamilton Road located in the City of LaGrange, which said paving was done in 1934, this being a Federal-aid job and under the supervision of the highway board of Georgia; that he paved a short strip on Ridley Avenue connecting Ridley Avenue with Franklin Road in the City of La-Grange; and that this paving was done under and by virtue of a contract with the State Highway Department of Georgia, in which this deponent was low bidder; and that said contracts for paving under supervision of the highway board was undertaken and completed by reason of this deponent being the low bidder after due advertisement; that he has done no contracting work of paving sidewalks or streets in the City of LaGrange for owners of private property, nor has he done any work in competition with any contractor engaged in doing paving for owners of private property; that the authorities for the City of LaGrange during the years above stated agreed that deponent was not subject to any license, and did not attempt to collect said license nor insist on the pay-

ment thereof. That at all times when he bid on paving work to be done in the City of LaGrange he did so at the invitation and request of the said city and after the bids had been advertised, and that he bid along with other contractors who were also invited to bid and other contractors who had an office in the City of LaGrange. That he has not now nor has he ever during the years 1930, 1931, 1932, 1933 and 1934 engaged in private contract work or paving in the City of LaGrange, and that he is not engaged in business in competition with other contractors in the City of LaGrange in doing paving for private property owners; that all of the work he has done in the City of LaGrange during the years above stated was done for either the City of LaGrange or the State Highway Board after being awarded contracts by reason of being low bidder, and after being invited to bid by the city and said Highway Board along with other contractors; that other contractors have been invited to bid on contracts for paving done in the City of LaGrange along with this deponent, and they were low bidder on some of the work, and the city awarded the contracts to them, and the City of LaGrange did not require them to pay a license as a contractor, and stating that inasmuch as the city had invited them to bid they would not require the license, and this is the general custom of all cities inviting contractors to build sidewalks and streets of paving; that when he is engaged in doing private work or work for private property owners in the City of LaGrange and in competition with other local contractors here in the City of LaGrange, that he paid a contractor's license as required by ordinance of the City of LaGrange, but deponent discontinued his local contracting business in the City of LaGrange, and was not a competitor of the local contractors in the City of LaGrange and has not been since prior to 1930." This concluded the evidence for the plaintiff.

The defendants introduced J. H. Moss, who testified by affidavit as follows: "That he is the city clerk and treasurer of the City of LaGrange, and has been for the past seven years; that he knows J. E. Whitley, and that said J. E. Whitley resides in and has his legal domicile in LaGrange, Troup County, Georgia, and that said J. E. Whitley does business under the name of the Whitley Construction Company, and as such is engaged in the business of paving contractor, paving streets in cities and highways; that he also

does sidewalk paving, and that he has been in such business for the past ten years or more, and that during all of that time has been located in LaGrange, Troup County, Georgia, where said Whitley has maintained his business offices; that one of his duties as clerk and treasurer of the City of LaGrange is that of collecting and issuing licenses to individuals, firms, and corporations doing business in the City of LaGrange; that J. E. Whitley, although operating as a paving contractor, having only one office and place of business, which office and place of business is located in the City of LaGrange, Troup county, Georgia, through which office of business of said J. E. Whitley is done, has paid no license or occupational tax to the City of LaGrange for the years 1930, 1931, 1932, 1933, and 1934; that during the years just enumerated said Whitley has maintained only one office and one place of business through which he operates his business as a paving contractor, and that office is and has been in LaGrange, Troup county, Georgia; that he knows of his own knowledge that said J. E. Whitley has operated in and done business in the City of LaGrange as paving contractor during the years just enumerated." G. W. Johnson and J. G. Hyde, former employees of the plaintiff, testified that during each of the years 1930 to 1934, inclusive, plaintiff maintained his general office in the City of LaGrange in which he conducted and kept the books, records, and correspondence relating to his contracting business, and in which all estimates on paving were made and all bills and payrolls were paid, and that in fact practically all of the work done in connection with such business was carried on at this office, except the actual laying of the cement or paving and other physical performance of the contracts. Each of these affiants further testified that all overseers, superintendents, and others employed by the plaintiff reported to his office in the City of LaGrange, and were there assigned to their work in the execution of the contracts. One of these affiants testified that all purchases for material and machinery used by the plaintiff in his contracting business were done through the LaGrange office, and that his machinery and equipment were moved from place to place about the State wherever their use was necessary in the work of paving. There was some other evidence for the defendants, but the foregoing is considered to be a sufficient statement.

■ The court did not err in overruling the general demurrer to

the petition, but did err in overruling the special demurrer to the allegation of paragraph 10 to the effect that the plaintiff was not engaged in any business in the City of LaGrange during the years stated that would require him to pay a license. This statement was a mere conclusion of the pleader, and was demurrable on that ground. *Register* v. *Southern States Phosphate &c. Co.*, 157 *Ga.* 561 (4) (122 S. E. 323). As to equitable jurisdiction, see *Wilson* v. *Eatonton*, 180 *Ga.* 598 (180 S. E. 227).

No contention was made by the plaintiff as to the authority of the city to levy an occupation tax upon a contractor engaged in the business of paving streets or sidewalks, provided such business is conducted within its territorial limits. That the city had the charter power to do this, see Ga. L. 1901, p. 489 et seq. The plaintiff stated in his affidavit that he was engaged in the paving business, which statement, when construed most strongly against him as a party to the case, must be taken as referring to the business of paving streets and sidewalks. *Steele* v. *Central of Georgia Railway Co.*, 123 *Ga.* 237 (51 S. E. 438). It further appeared from his affidavit that his office where his "general office work was done" was located within the limits of the city. This would necessarily imply that his managerial and executive work was conducted at that point. But the evidence for the defendants went into detail and explained fully the nature of the acts carried on at the general office. This evidence was not disputed by the plaintiff, nor was it inconsistent with anything testified by him. The evidence as a whole demanded a finding that the plaintiff was engaged in the business of a contractor for the purpose of paving streets and sidewalks during each of the five years in question, and that he conducted such business each year in the City of LaGrange, within the meaning of the ordinance. This conclusion is not altered by the fact that during certain years the physical or ministerial performance of all his paving ·contracts was done elsewhere. Under the facts appearing, the rule that a municipality can not tax the constituent elements of a business is without application. *Wofford Oil Co.* v. *Boston*, 170 *Ga.* 624 (154 S. E. 145). What is done at the general office or general headquarters can not be said to be a mere incident of a business in which the proprietor is engaged. It is a substantial and necessary portion of the composite undertaking, and is not a distinct element or part, or a mere incident of such

business. In the present case the principal office, the very seat of the business, was situated in the City of LaGrange, where important duties and responsibilities were executed. In Carey *v.* North Plainfield, 49 N. J. L. 110 (7 Atl. 42), it was said that the situs is the proper place for levying the tax. For analogy, see Crane Co. *v.* Des Moines, 208 Iowa 164 (225 N. W. 344, 76 A. L. R. 801). Whether a business like the plaintiff's might have more than one taxable location or situs, and whether or not situs is the controlling factor in the sense that an occupation tax could not be levied elsewhere, are questions which are not involved in the case at bar, because in any view of these questions the principal situs here was in the City of LaGrange. Nor is it necessary in this case to consider whether situs alone would make the business taxable. In addition to the proof on that subject, the evidence in the instant record shows without dispute that acts of executive management with other important functions, constituting a material portion of the business as a unified whole, were continuously performed within the limits of the municipality; and under all the evidence the ordinance was applicable. *Home Ins. Co. v. Augusta,* 50 *Ga.* 530; *Davis* v. *Macon,* 64 *Ga.* 128 (5) (37 Am. R. 60); *Atlantic Postal Telegraph-Cable Co.* v. *Savannah,* 133 *Ga.* 66 (65 S. E. 184); *Pratt* v. *Macon,* 35 *Ga. App.* 583 (134 S. E. 191). The principles laid down in the following and like cases have no application in the case at bar: *City of Atlanta* v. *York Mfg. Co.,* 155 *Ga.* 33 (116 S. E. 195); *Dennison Mfg. Co.* v. *Wright,* 156 *Ga.* 789 (120 S. E. 120); *Southeastern Distributing Co.* v. *Nordyke-Marmon Co.,* 159 *Ga.* 150 (125 S. E. 171); *Smith* v. *Nolting Cor.,* 45 *Ga. App.* 253 (164 S. E. 219).

■ There is no merit in the plaintiff's contention that he was relieved of the tax for certain years by agreement with the city authorities. Assuming, without deciding, that an agreement as to an occupation tax as distinguished from an ad valorem tax might be valid if it contemplated a fair and just deduction from the amount payable under a paving contract, such deduction to be the equivalent of paying the tax (*Cartersville Improvement &c. Co.* v. *Mayor &c.,* 89 *Ga.* 683 (2), 16 S. E. 25; *Tarver* v. *Dalton,* 134 *Ga.* 462, 67 S. E. 929, 29 L. R. A. (N. S.) 183, 20 Ann. Cas. 281), the evidence for the plaintiff in this case was too vague and indefinite as to the existence of such a contract. It does not show

any effort to adjust the tax by a reduction of the amount payable under the paving contract, and would not authorize the inference that the tax was paid in this manner. The burden was on the plaintiff to show the exemption or satisfaction claimed by him; and this he failed to do. *Wells* v. *Savannah,* 107 *Ga.* 1 (32 S. E. 669). Nor was the ordinance rendered inoperative by any custom of this or any other municipality. *Vardeman* v. *Penn Mutual Life Ins. Co.,* 125 *Ga.* 117 (2) (54 S. E. 66, 5 Ann. Cas. 221); *Mays* v. *Hankinson,* 31 *Ga. App.* 473 (3) (120 S. E. 793).

■ Nor is there any substance in the contention that the plaintiff was not liable because the business conducted by him was that of doing paving under contracts with public bodies, whereby he occupied the status or position of an agency of government. The principle here invoked has no application to one conducting such a business for private gain under contracts with the State or Federal government or any subdivision or department thereof. The public character of the other contracting party does not operate to relieve a person conducting such business of an occupation tax for which he would otherwise be liable. 61 C. J. 368, §§ 365, 368.

■ The judge erred in granting an injunction.

*Judgment reversed. All the Justices concur, except Atkinson, Justice, who dissents, and Gilbert, Justice, absent.*

ATKINSON, Justice, dissenting. Regardless of all question of charter power, the ordinances in question as properly construed were not applicable to the plaintiff's business during the years 1931, 1932, and 1933, when he did no paving in the City of LaGrange and did not offer or propose to do so. The ordinances for these years should not be construed as imposing a business tax for paving where the contractor did no actual paving in the city. The execution having included a tax for the three years mentioned, it was to that extent illegal, and its enforcement was properly enjoined.