## A92A0912. WILLIAMS TILE & MARBLE COMPANY, INC.
## v. RA-LIN & ASSOCIATES, INC.
(426 SE2d 598)

CARLEY, Presiding Judge.

Appellee-plaintiff was the general contractor for a building project and appellant-defendant was its terrazzo flooring subcontractor. Appellee brought suit, seeking to recover for appellant's alleged breach of its subcontract. The case was tried before a jury and a verdict in favor of appellee was returned. Appellant appeals from the judgment entered by the trial court on the jury's verdict.

1. Contending that the dispute with appellee was subject to arbitration, appellant moved to stay the judicial proceedings. The denial of this motion is enumerated as error.

Although the subcontract itself did not specifically provide for arbitration, appellant contends that, through incorporation by reference, arbitration became an applicable remedy thereunder. However, the general contract did not provide for arbitration as between appellee and the owner and, despite appellant's contentions to the contrary, it is clear that the architect's plans and specifications were incorporated into the subcontract by reference solely for the purpose of establishing the necessary materials for the terrazzo flooring and manner of their installation and not for the purpose of establishing arbitration as an available remedy under the subcontract. Where " 'plans and specifications are referred to in [a] contract for a particular specified purpose, such specifications can serve no other purpose than the one specified, and are foreign to the contract for all other purposes. In the absence of express provision in the contract, the specifications can neither restrict nor extend the scope of the contract to subjects other than those covered by the contract.' " *Pittsburgh Plate Glass Co. v. American Sur. Co. of N. Y.*, 66 Ga. App. 805, 813 (19 SE2d 357) (1942). "Incorporation by reference in [a] contract is generally effective to accomplish its intended purpose where the provisions to which reference is made have a reasonably clear and ascertainable meaning. [Cits.] The referenced provisions here had a reasonably clear and ascertainable meaning." *ADC Constr. Co. v. McDaniel Grading*, 177 Ga. App. 223, 225-226 (2) (338 SE2d 733) (1985). That "reasonably clear and ascertainable meaning" was only to specify the material and manner of installation of the terrazzo flooring, and not to provide for the remedy of arbitration which did not otherwise exist in the general contract. Compare *ADC Constr. Co. v. McDaniel Grading*, supra at 225 (2).

It follows that the trial court correctly denied appellant's motion to stay the judicial proceedings. "A party is not required 'to submit to arbitration any dispute which he has not agreed to so submit. (Cits.)' [Cit.]" *Pope v. Continental Augusta Woodlands*, 169 Ga. App. 874,

876 (315 SE2d 307) (1984).

2. Among its defenses, appellant relied upon OCGA § 13-4-23: "If the nonperformance of a party to a contract is caused by the conduct of the opposite party, such conduct shall excuse the other party from performance." Appellant urges that the trial court erroneously excluded evidence which was relevant to this defense.

Appellant's main contention is that the trial court erred in excluding evidence which would show that the deficiency in the terrazzo flooring was attributable to a breach of appellee's duty to prepare the surface before the terrazzo was applied. The contractual specifications did provide for the cleaning and preparation of the surface prior to installation of the terrazzo and, pursuant to the *general* contract, *appellee* certainly owed this duty to the *owner*. Under the clear and unambiguous terms of the *subcontract*, however, this duty was owed to *appellee* by *appellant*. Accordingly, the trial court certainly did not err in refusing to allow appellant to attempt to show that any improper preparation of the surface was a viable defense to appellant's liability for the deficiency in the terrazzo flooring.

A review of the record shows that appellant nevertheless *was* allowed to pursue its OCGA § 13-4-23 defense and to adduce evidence to show that the deficiency in the terrazzo flooring was attributable to the improper performance of contractual duties which were *not* owed by it under its subcontract, but which were owed by *others* engaged in the project. Accordingly, appellant's enumeration of error predicated upon its OCGA § 13-4-23 defense is meritless.

3. Appellant enumerates as error the trial court's refusal to allow a witness, who was not a party to the general contract, to testify as to his own personal interpretation of the meaning of certain provisions thereof.

*Expert* testimony may be admitted to explain *technical* terms in a contract. *Daniel v. Maddox-Rucker Co.*, 124 Ga. 1063 (2) (53 SE 573) (1906). Testimony as to what the *parties* to a contract understood it to mean may also be admissible. *Foley, Bro. & Co. v. Abbott & Bro.*, 66 Ga. 115 (1, 2) (1880). However, the personal interpretation of a contractual provision by a stranger to the contract obviously has no probative relevance whatsoever. Accordingly, even assuming that the provisions of the general contract were a relevant inquiry in the instant case, the trial court did not err in refusing to allow appellant's witness to testify as to his personal interpretation of any of those provisions.

4. Appellant moved for a directed verdict on the ground that appellee had failed to prove damages. The denial of this motion is enumerated as error.

Appellant "correctly notes on appeal that the true measure of damages under the facts of this case is 'the difference between the

value of the work as actually done and the value which it would have had if it had been done properly in pursuance of the contract.' [Cits.] However, [appellant's] contention that [appellee] has failed to offer any proof in accordance with this measurement is without merit since '(t)his difference in value can be shown . . . by evidence of the reasonable cost of correcting the defect.' [Cits.]" *Kuhlke Constr. Co. v. Mobley, Inc.*, 159 Ga. App. 777, 780 (2) (285 SE2d 236) (1981). "Proof of the cost of repair because of the defective construction is illustrative of the difference in value claimed as damages, and is more likely to represent the true damage suffered from the failure of [a contractor] to complete his contract than would the opinion of an expert . . . as to the difference in values, though such proof would also have been permissible. [Cits.]" *Rose Mill Homes v. Michel*, 155 Ga. App. 808-809 (1) (273 SE2d 211) (1980).

5. Appellant also moved for a directed verdict as to appellee's recovery of attorney's fees under OCGA § 13-6-11. The denial of this motion is enumerated as error.

A review of the record shows the existence of a bona fide controversy as to whether the deficiency in the terrazzo flooring was attributable to appellant's breach of its subcontract or to reasons for which appellant would have no contractual liability to appellee. The existence of such a bona fide controversy would preclude a recovery of OCGA § 13-6-11 attorney's fees on the theory that appellant had been stubbornly litigious or caused appellee unnecessary expense, notwithstanding that the jury ultimately resolved that controversy in favor of appellee. See *Ginsberg v. Termotto*, 175 Ga. App. 265, 267 (3) (333 SE2d 120) (1985). Compare *Spring Lake Property Owners Assn. v. Peacock*, 260 Ga. 80 (390 SE2d 31) (1990).

Appellee urges that attorney's fees are nevertheless recoverable on the basis of appellant's bad faith. However, a review of the record shows that, although there was ample evidence of appellant's *breach* of contract, there was insufficient evidence of appellant's *bad faith* in entering into the subcontract or its performance thereof. "[T]here was no showing that appellant acted through ill will or furtive design with regard to the performance of the contract. [Cit.] Since there was no evidence from which a jury could find that the contract was made in bad faith or that appellant breached it as a result of some sinister motive, the award of attorney's fees cannot be sustained on the basis of bad faith. [Cits.]" *Glen Restaurant v. West*, 173 Ga. App. 204, 205 (325 SE2d 781) (1984). See also *Mutual Fed. S. & L. Assn. of Atlanta v. Johnson*, 124 Ga. App. 68, 70 (2) (183 SE2d 50) (1971). Compare *Hirsh v. Goodlett*, 196 Ga. App. 127, 128 (2) (395 SE2d 626) (1990); *Annis v. Tomberlin & Shelnutt Assoc.*, 195 Ga. App. 27, 35 (13) (392 SE2d 717) (1990); *McDonald v. Winn*, 194 Ga. App. 459 (1) (390 SE2d 890) (1990); *Gaines v. Crompton & Knowles Corp.*, 190 Ga.

App. 863, 868 (11) (380 SE2d 498) (1989).

It follows that appellant's motion for a directed verdict as to its non-liability for OCGA § 13-6-11 attorney's fees was meritorious and the trial court erred in failing to grant it. A recovery of OCGA § 13-6-11 attorney's fees in a contract action must be based upon evidence which shows *more* than a mere breach of contract.

6. Appellant's remaining enumerations of error relate to evidentiary rulings by the trial court. Each enumeration has been considered and none has been found to warrant the grant of a new trial.

7. The judgment is affirmed in all respects except as to the award of attorney's fees.

*Judgment affirmed in part and reversed in part. Pope and Johnson, JJ., concur.*

DECIDED DECEMBER 1, 1992 —
RECONSIDERATION DENIED DECEMBER 16, 1992.

*Shapiro, Fussell, Wedge & Smotherman, J. Ben Shapiro, Jr., Michael P. Davis, Daniel M. Jennings,* for appellant.

*Smith & Diment, Dana G. Diment, James J. Hopkins,* for appellee.

