A99A1716, A99A1717. GARRETT v. WOMEN'S HEALTH CARE OF GWINNETT, P.C. et al.; and vice versa.
(532 SE2d 164)

RUFFIN, Judge.

Dr. Veronica Garrett sued Dr. Cora Salvino and Women's Health Care of Gwinnett, P.C. (WHCG) for breach of contract and fraud, alleging that defendants failed to properly calculate a bonus to which she was entitled under her employment contract. Dr. Garrett also sought attorney fees. Both parties moved for summary judgment, and the trial court granted summary judgment to Dr. Garrett against WHCG on the breach of contract claim. The trial court dismissed all claims against Dr. Salvino, individually, and granted summary judgment to WHCG on the fraud claim. In a separate order, the trial court denied Dr. Garrett's claim for attorney fees under OCGA § 13-6-11. The following appeals ensued. For reasons that follow, we affirm in part and reverse in part.

To prevail on a motion for summary judgment, the movant must demonstrate that there are no genuine issues of material fact and that the evidence, viewed in the light most favorable to the nonmovant, warrants judgment as a matter of law.[1] So viewed, the evidence shows that, in October 1994, Dr. Garrett went to work for WHCG, which is wholly owned by Dr. Salvino. Dr. Garrett and Dr. Salvino, as president of WHCG, signed a two-year employment contract that provided if Dr. Garrett did not become a co-owner of WHCG following her first year of employment, she would be entitled to receive a "production bonus" at the end of her second year. The contract specified that the production bonus would be calculated as follows:

(1) The Parties will ascertain, utilizing the Practice Certified Public Accountant, that portion of the gross profits for the second year of this contract which are attributable exclusively to Employee's performance ("Gross Profits Calculation").

(2) The Employee shall receive no production bonus in connection with the first Three Hundred Thousand Dollars ($300,000.00) (being twice Employee's salary) of the Gross Profits Calculation.

(3) The Employee shall receive, as a Production Bonus, twenty-five percent (25%) of the Gross Profits Calculation in excess of $300,000.00 generated during the second year of her employment.

Dr. Garrett left WHCG after two years, and Dr. Salvino asked

---

[1] OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

the corporate accountant to determine gross profit for the purpose of calculating Dr. Garrett's production bonus. The accountant asked Dr. Salvino if she intended the calculation of gross profit to include a deduction for costs, and Dr. Salvino "said yes, that was her intent." The accountant determined that the total revenue generated by Dr. Garrett was $503,892.28. He then deducted the expenses directly or indirectly related to the provision of services, which resulted in a gross profit of $326,017.06. The bonus was then calculated by subtracting $300,000 from the gross profit, leaving $26,017.06, which, when multiplied by 25 percent, resulted in a production bonus of $6,504.27.

Dr. Garrett disputed the method used for calculating her production bonus. According to Dr. Garrett, no expenses should have been deducted from total revenue in determining gross profit. Instead, she contends that "gross profit" is synonymous with "gross revenue." Thus, she asserts that her actual bonus should have been $50,973.07.

Dr. Garrett sued Dr. Salvino and WHCG for breach of contract and fraud. After the parties filed cross-motions for summary judgment, the trial court ruled in favor of Dr. Garrett on the breach of contract claim, concluding that her production bonus should have been 25 percent of $203,892.28, or $50,973.07. But the trial court found that Dr. Salvino could not be held liable in her personal capacity and dismissed her as a party to the suit. The trial court also granted summary judgment to WHCG on Dr. Garrett's fraud claim and claim for attorney fees.

In Case No. A99A1716, Dr. Garrett appeals, asserting that the trial court erred in (1) declining to assess attorney fees; and (2) dismissing Salvino as a party in her individual capacity. In Case No. A99A1717, WHCG appeals the trial court's ruling on the breach of contract claim. As the two cases involve the same operative facts, we have consolidated them for this appeal.

## Case No. A99A1716

1. Dr. Garrett contends that the trial court erred in failing either to hear evidence on the issue of assessed attorney fees or to incorporate an award of attorney fees under OCGA § 13-6-11 in its final order. We disagree.

Attorney fees may be assessed "where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense."[2] "Questions concerning bad faith, stubborn litigiousness, and unnecessary trouble and

---

[2] OCGA § 13-6-11.

expense, under OCGA § 13-6-11, are generally questions for the jury to decide."[3] But if there is no evidence of bad faith or stubborn litigiousness, a court should grant a defendant's motion for summary judgment on a claim for attorney fees.[4] Here, the absence of evidence that Dr. Salvino acted in bad faith or was stubbornly litigious supports the trial court's ruling.

According to Dr. Garrett, the evidence that Dr. Salvino ordered the accountant to deduct the operating costs in calculating gross profit supports a finding that she acted in bad faith. But the contract did not define "gross profit," and there was a bona fide controversy with respect to the method of calculation to be used. Such a bona fide controversy precludes a recovery of attorney fees.[5] Moreover, the contract specified that the corporate accountant would calculate the production bonus, and the record shows that Dr. Salvino relied upon the accountant's calculations. The accountant clearly believed that his method of calculation was appropriate, and there is no evidence that Dr. Salvino had reason to believe otherwise. Given the lack of evidence that Dr. Salvino "acted through ill will or furtive design with regard to the performance of the contract," the trial court properly granted her motion for summary judgment as to OCGA § 13-6-11 attorney fees.[6]

To the extent that Dr. Garrett asserts that the trial court denied her an opportunity to present evidence which would support a finding of bad faith, this assertion presents no basis for reversal. Dr. Garrett provides no authority, argument, or citation to the record in support of her claim, and, thus, it is deemed abandoned.[7]

2. Dr. Garrett also enumerates as error the trial court's dismissal of Dr. Salvino as a defendant in her individual capacity. She argues that the protection of the "corporate veil" should be pierced to hold Dr. Salvino personally liable for the actions of WHCG. Again, we disagree.

"One who deals with a corporation as such an entity cannot, in the absence of fraud, deny the legality of the corporate existence for the purpose of holding the owner liable."[8] A corporation is a separate legal entity, and great caution should be exercised before disregard-

---

[3] (Punctuation omitted.) *American Med. Transport Group v. Glo-An, Inc.*, 235 Ga. App. 464, 467 (3) (509 SE2d 738) (1998).

[4] *Tyler v. Lincoln*, 236 Ga. App. 850, 853 (3) (513 SE2d 6) (1999).

[5] *Williams Tile &c. Co. v. Ra-Lin & Assoc.*, 206 Ga. App. 750, 752 (5) (426 SE2d 598) (1992).

[6] Id.

[7] Court of Appeals Rule 27 (c) (2); *Saffar v. Chrysler First Business Credit Corp.*, 215 Ga. App. 239, 240 (1) (450 SE2d 267) (1994).

[8] (Citations and punctuation omitted.) *Gen. Ins. Svcs. v. Marcola*, 231 Ga. App. 144, 149 (7) (497 SE2d 679) (1998).

ing this separateness.[9] But Georgia courts will pierce the corporate veil "to remedy injustices which arise where a party has over-extended [her] privilege in the use of a corporate entity in order to defeat justice, perpetrate fraud or to evade contractual or tort responsibility."[10] In order to justify the disregard of the corporate entity, there must be evidence that the corporate form has been abused.[11] Here, the record is devoid of evidence that would warrant piercing the corporate veil.

In support of her contention, Dr. Garrett argues that Dr. Salvino abused the corporate form by ordering the accountant to deduct costs in an attempt to evade contractual liability. But this speculation on the part of Dr. Garrett is simply not supported by the record, which shows that the accountant determined the method of calculating Dr. Garrett's bonus. This conduct simply does not rise to the level of conduct necessary to justify piercing the corporate veil.[12] Moreover, although there is evidence that Dr. Salvino loaned the corporation money, there is no evidence that she disregarded the corporate form of WHCG or acted as though it was her alter ego.[13]

Finally, Dr. Garrett asserts that Dr. Salvino recently closed her medical practice, which demonstrates that she is attempting to evade her contractual liability. But nothing in the record supports this assertion, and "[t]his court cannot consider the factual assertions of the parties appearing in briefs when such evidence does not appear on the record."[14]

## Case No. A99A1717

3. In WHCG's cross-appeal, it asserts that the trial court erred in construing the employment contract. Where the language of a contract is clear and unambiguous, the construction of that contract is a question of law.[15] Contract construction involves three steps:

> The trial court must first decide whether the contract language is ambiguous; if it is ambiguous, the trial court must then apply the applicable rules of construction; if after doing

---

[9] *Mark Six Realty Assoc. v. Drake*, 219 Ga. App. 57, 61 (2) (b) (463 SE2d 917) (1995).

[10] (Punctuation omitted.) *J-Mart Jewelry Outlets v. Standard Design*, 218 Ga. App. 459, 460 (1) (462 SE2d 406) (1995).

[11] Id.

[12] *Marcola*, supra.

[13] *Clark v. Cauthen*, 239 Ga. App. 226, 228 (2) (520 SE2d 477) (1999).

[14] (Punctuation omitted.) *Hixson v. Hickson*, 236 Ga. App. 894, 895 (1) (512 SE2d 648) (1999).

[15] *Odem v. Pace Academy*, 235 Ga. App. 648, 652 (1) (510 SE2d 326) (1998).

so the trial court determines that an ambiguity still remains, the jury must then resolve the ambiguity.[16]

"A word or phrase is ambiguous when it is of uncertain meaning and may be fairly understood in more ways than one."[17] Here, the term "gross profit" is not defined within the contract. But, in construing contracts, dictionaries may be used to determine the meaning of a word or phrase.[18]

In construing the employment contract, the trial court relied upon Black's Law Dictionary,[19] which defines the term "gross profit" as "the difference between sales and the cost of goods sold before allowance for operating expenses and income taxes." Thus, the trial court concluded that "gross profit is ascertained before the deduction of expenses and taxes," and it calculated Dr. Garrett's bonus without deducting any costs or expenses.

In failing to deduct *any* costs or expenses, the trial court incorrectly equated "gross profit" with "gross earnings," which are not synonymous.[20] What the trial court failed to recognize is that the term "gross profit" does include a deduction for the cost of goods sold.[21] Here, the medical practice provides for services rather than for goods. Nevertheless, there are costs associated with providing a service that should be deducted in determining gross profit.[22] We cannot say, as a matter of law, what those costs are, and the record provides no guidance as to what costs the parties intended to deduct. Accordingly, an issue of fact remains, and the trial court erred in granting summary judgment on this issue.

*Judgment affirmed in Case No. A99A1716. Judgment reversed in Case No. A99A1717. Andrews, P. J., and Ellington, J., concur.*

DECIDED MARCH 24, 2000.

---

[16] (Citations and punctuation omitted.) *Gram Corp. v. Wilkinson*, 210 Ga. App. 680-681 (1) (437 SE2d 341) (1993).

[17] *Akron Pest Control v. Radar Exterminating Co.*, 216 Ga. App. 495, 497 (1) (455 SE2d 601) (1995).

[18] Id.

[19] (6th ed. 1990).

[20] See *Turner, Wood & Smith, Inc. v. Reed*, 169 Ga. App. 213, 215 (311 SE2d 859) (1983) (in calculating insurance coverage, agent erred in considering "gross profit" rather than "gross earnings").

[21] Black's Law Dictionary, supra.

[22] See 17 CFR § 229.302 (a) (1) (federal securities and exchange provision that defines gross profit as "net sales less costs and expenses associated directly with or allocated to products sold or services rendered").

*Freeman, Mathis & Gary, Christopher E. Parker*, for appellant.
*McKinney & Salo, Jan McKinney*, for appellees.