### 521.   BELL *v.* NEW ORLEANS & NORTHEASTERN RAILROAD COMPANY.

1. Under the decision of the Supreme Court in the case of *Lyndon* v. *Georgia Ry. & Elec. Co.*, 129 *Ga.* 353, 58 S. E. 1047, the writ of error is not subject to dismissal.
2. Where the record shows a return of service prima facie valid, and the defendant discovers the existence of the return prior to judgment, the objection of lack of service can be made only by plea in abatement, accompanied by a traverse of the official return.
   (*a*) Such a plea, being dilatory in its nature, should be verified.
   (*b*) If the return of service be made by a deputy sheriff, both he and the sheriff are necessary parties to the traverse.
3. A plea to the jurisdiction must be verified.
4. Service of process on a non-resident corporation may be legally perfected, so as to give jurisdiction to the courts of this State for the rendition of a judgment of at least local efficacy, by handing a copy personally to an agent, designated as a "commercial agent," who maintains an office in this State, furnished him by the defendant company, wherein he does chiefly correspondence, and who represents the defendant in soliciting freights and other business, but who has no authority to make contracts, sell tickets, or to collect money for the defendant.
5. A special appearance urging lack of service and lack of jurisdiction is not waived by the filing of a demurrer or plea to the merits under the express protestation that the special appearance is not waived.

Complaint, from city court of Atlanta—Judge Reid.   March 18, 1907.

Argued October 22,—Decided November 11, 1907.

Bell instituted his action in the city court of Atlanta against the New Orleans & Northeastern Railroad Company, alleging that the defendant had an office and an agent in the county in which the court is located. A deputy sheriff made the following return: "Served the defendant New Orleans and North Eastern Railroad

Company, a corporation, by serving Ray Knight, its commercial agent, by leaving a copy of the within writ and process with him in person at the office and place of doing business of said corporation in Fulton County, Georgia. This January 30th, 1906." At the first term the defendant filed the following defense: "The defendant prays leave to appear specially for the purpose herein set forth, and for no other purpose, and hereby traverses the return of service made by J. T. Jones, Deputy Sheriff, upon the summons and process issued in said cause, and moves the court to make said Jones a party hereto, and to set aside the said return of service, for the reason that said return is untrue in fact; and defendant moves the court to disregard said return, for the reason that it is insufficient in law, and to dismiss said cause, and hereby prays the judgment of the court whether it should be compelled to appear therein or plead to the petition filed therein, for the reason that it has not been served with process therein, and has not acknowledged, and does not acknowledge service therein, nor waive due service of process upon it, on the following grounds, to wit: "(1) The city court of Atlanta has no jurisdiction over the person of defendant, for the reason that it is a non-resident corporation and is not doing business in the county of Fulton and State of Georgia, and has no place nor office in said county for transacting the usual and ordinary business of said corporation, and no officer or agent of said corporation is located in said county. (2) The person mentioned in said deputy sheriff's return of service in said cause, to wit, 'Ray Knight,' is not such an officer or agent of said corporation as is subject to service or process in suits against said corporation in order to bind said corporation thereby, nor has he any power or authority to acknowledge service of process so as to make said acknowledgment binding upon said corporation, nor to waive such process. Said Knight was employed by the defendant, at the time of the alleged service of said process, for the sole purpose of diverting freight to such railroads leading out of Atlanta, Georgia, as had running connection with the defendant's line at Meridian, in the State of Mississippi; he had no authority to sell tickets, or to make contracts or rates for the transportation of freight or passengers over the defendant's road, nor to collect money due defendant for such transportation of freight or passengers. In order

to enable said Knight to serve defendant in said employment of thus diverting freights over defendant's line, it supplied him at its own expense with a desk room in the Equitable Building, in the second floor of said building, in Atlanta, Ga., which room was occupied in part by the employees of the Philadelphia & Reading Railway and in part by another person, who was not connected in any way with, nor employed by either defendant's road or the Philadelphia & Reading Railway. This room was of small size and had only one door leading out into the hall of said building, and on said door was printed the following words and notice, to wit: 'N. O. & N. E. R. R., A. & V. Ry., V. S. & P. Ry., Office Commercial Agent. Philadelphia & Reading Railway, Office Traveling Freight Agent, John J. Lynch.' The letters and initials aforesaid, preceding the words, 'Office Commercial Agent,' were intended to refer to three different railroads by which said Knight was employed for the purpose hereinbefore set forth, viz. the New Orleans & Northeastern Railroad, the Alabama & Vicksburg Railway, and the Vicksburg, Shreveport & Pacific Railway. Said Knight's employment and line of work for the said three railroads necessitated his traveling about the territory adjacent to Atlanta most of the time, and hence he was out of his said office or room in the Equitable Building and away from the city of Atlanta from four to five days in every week. In fact he merely kept his desk in said room as a place for his mail to be sent and a place to write letters while in Atlanta and his said desk room in said room was paid for in part by each of the said three railroads by which he was employed as aforesaid."

By order the deputy sheriff was made party to the traverse and acknowledged service. The plaintiff filed his motion to strike the plea to the jurisdiction and the traverse and exceptions to service filed by defendant in said case, on the following grounds: because the same is not sworn to; because said traverse is insufficient in law; because it appears from said traverse or plea to the jurisdiction that the defendant did have an agent in said county and a place of business; it is immaterial that the office was small, and that it had but one door to it, and that other companies had the right to use it; it is immaterial that the defendant's agent also represented other companies; it is immaterial that said agent was limited in authority; it is not material that said agent was fre-

quently out of the office. By way of amendment the plaintiff also filed the following: "Plaintiff moves to strike the defendant's plea to the jurisdiction, on the following grounds: Said defendant company has filed a general demurrer to plaintiff's cause of action, and in so doing has thereby pleaded to the merits of plaintiff's cause of action. The demurrer, under our code pleadings, must be filed at the first term, and must be disposed of before either the plea or answer, and, in being disposed of, is an admission and waiver of the court's jurisdiction. Defendant has pleaded to the merits of plaintiff's cause of action, and in so doing waives the right to plead to the jurisdiction of the court. Defendant has pleaded to the merits, and thereby invokes protection of the court in its defense, and hence can not deny the court's authority to enforce the right of the plaintiff (on the ground that the defendant is not within the jurisdiction of the court) or to judge the liability of the defendant company. Said plea to the jurisdiction is not sufficient, because it is not set up therein what court in this State has jurisdiction of said defendant company. Said plea to the jurisdiction does not show on its face jurisdiction in another court. Wherefore plaintiff prays that the said plea be stricken. Plaintiff demurs to the defendant's traverse and says that the same is not sufficient, for the following reasons: The prayer in the traverse does not set up the fact that the sheriff has been notified that he is to be made, or of his having been made, a party defendant in the traverse. There has not been such service on the sheriff, appearing upon the face of the traverse and the entries thereon, as to make the sheriff a party defendant to the traverse, in that it is not shown. The foregoing defects appear on the face of the traverse. Wherefore plaintiff prays that said traverse be stricken."

The court upon hearing these motions overruled them, and the plaintiff excepted pendente lite. From additional record which we have required the clerk of the lower court to send up, it appears that at the first term the defendant filed a demurrer to the plaintiff's action, but this demurrer is prefaced with the following limitation and protestation: "On the first day of the term to which the above stated cause is returnable comes the New Orleans & Northeastern Railroad, the defendant therein, and without waiving or acknowledging service of process, or the jurisdiction of

the court therein, but insisting upon the want of jurisdiction, and the want of legal service of process, set up in a special appearance plea this day filed therein, defendant demurs to said petition as follows."

By consent, the judge, acting as trior, without the intervention of a jury, heard evidence, which was substantially in accord with the facts alleged in the defendant's special plea in abatement; and he sustained the plea and dismissed the action. In the bill of exceptions sued out by the plaintiff, error is duly assigned upon the exceptions taken pendente lite. To the final judgment finding in favor of the plea, exception is taken, but the assignment of error is general, being in the following language: "to which ruling the plaintiff in error excepted, and now excepts and assigns the same as error." The defendant in error filed in this court a motion to dismiss the bill of exceptions, on the ground that the assignments of error are not specific.

*Burton Smith, Lawton Nally,* for plaintiff.

*Tye, Peeples, Bryan & Jordan, Charles A. Read,* for defendant.

POWELL, J. (After stating the facts.)

1. Irrespective of whether the assignment of error to the final judgment is sufficiently specific or not, there is an exception to the final judgment, and error is duly assigned, through the exceptions pendente lite, to a controlling interlocutory ruling; therefore, under the decision in *Lyndon* v. *Ga. Ry. & Elec. Co.,* 129 *Ga.* 353, 58 S. E. 1047, the writ of error will not be dismissed.

2. It is the right of a defendant to appear specially before pleading to the merits, and have the action dismissed on the ground that there has been no legal service of process. If lack of proper service appears on the face of the record, advantage of this defect may be taken by motion or any other appropriate procedure, either before or after judgment, provided the defendant by his conduct has done nothing to waive service. *Hobby* v. *Bunch,* 83 *Ga.* 1 (5). When the record shows a valid return of service, and it is necessary to resort to extrinsic testimony to show that there has been no service, or that the service was for any reason invalid, the objection can be made only by plea in abatement (if before judgment), and in connection therewith the sheriff's return must be duly traversed. 19 Am. & Eng. Enc. Pl. & Pr. 707; Civil Code, §4988; *Livingston* v. *Marshall,* 82 *Ga.* 3. Being a dilatory plea,

it must be filed at the first term, at least at the first term after notice, and must be sworn to. Civil Code, §§4988, 5049, 5058. Unless duly traversed, the return of the sheriff is conclusive. If the return is made by a deputy sheriff, both the sheriff and the deputy sheriff must be made parties to the traverse. We are not able to cite any Georgia decision in support of the proposition that the sheriff must be made party when the return of the deputy is traversed; for, so far as our investigation has disclosed, this point has never been made previously. However, the reason of the rule seems to demand that the sheriff be made a party. The rule that the officer is a necessary party to the traverse had been previously announced in several cases, but in *O'Bryan* v. *Calhoun, 68 Ga.* 218, Speer, J., states the reason as follows: "He and his securities on his bond have a vital interest in the question thus made, and they should have an opportunity to be heard on the issue the defendant has made." It may be noted, too, that in *Elder* v. *Cozart, 59 Ga.* 199, the alleged service was made by a deputy, but it is spoken of as the sheriff's act, in regard to the necessity for a traverse. By sections 4372 and 4379 of the Civil Code, the sheriff and the sureties on his bond are primarily liable for the misconduct of his deputy, although a concurrent liability may exist against the deputy and his bondsmen. Therefore, when the return is by the deputy sheriff, both he and the sheriff are necessary parties to the traverse.

3. The plea to the jurisdiction is likewise defective in that it is not verified. Civil Code, §5083.

4. For these formal reasons the demurrer to the special appearance should have been sustained. We also think that the general demurrer to it was well taken. "There are many years and manifold changes in economic conditions between the old rule, which denied the right to sue a foreign corporation in personam outside the jurisdiction of its creation, and the modern doctrine, that the question of jurisdiction and suability is not so much one of citizenship as one of finding. . . The true test of jurisdiction is not residence or non-residence of the plaintiff, or the place where the cause of action originated, but whether the defendant can be found and served in the jurisdiction where the cause of action is asserted. A corporation can be found in any jurisdiction where it transacts business through agents located in that jurisdiction, if

the laws of the same provide a method of perfecting service on it by serving its agents. From 1845 to the present time the law of Georgia has provided that service of process necessary to the commencement of *any suit against any corporation in any court,* with certain exceptions which are not material to this discussion, may be perfected by serving any officer or agent of such corporation, or by leaving a copy of the process at the place of transacting the usual and ordinary business of such corporation, if such place shall then be within the jurisdiction of the State in which the suit is commenced. Civil Code, §1899. The language of this section is sufficiently broad to authorize the service of process in a suit against a foreign corporation that has a place of doing business in this State. . . A corporation is not always present where its officers are, but it is present in any place where its officers or agents transact business in behalf of the corporation under authority conferred by it. . . At common law service upon a corporation could be perfected only by serving its head officer, but whether service upon any officer would be sufficient to bring the corporation into court is a matter to be determined by municipal law. The law of this State permits its own corporations to be brought into court by serving any officer or agent transacting the business of the corporation, and the statute is broad enough to allow service upon a foreign corporation in the same way. The State of Georgia either expressly grants to these foreign corporations the right to do business within its limits, or tacitly permits them to transact business here. They are allowed to open offices in this State and here deal with our citizens and others who may be temporarily within its limits. The State protects them in the property which they hold. The courts of Georgia are open to them for the enforcement of any claim of any character which they may have against her citizens or citizens of other States passing through this State, subject only to the qualification above referred to. Can it be said that it is a hard rule, or a violation of any sound principle, that they should be put upon the same footing as regards causes of action against them as that on which our own corporations are placed by the law of the land?" *Reeves* v. *Southern Ry. Co.,* 121 *Ga.* 561. In the case of Denver & Rio Grande R. Co. *v.* Roller, 100 Fed. 738, 49 L. R. A. 77, the service was perfected under the California statute upon a soliciting agent who

maintained an office and performed, for the non-resident defend-
ant company, services substantially similar to and in no wise
broader than those performed by the agent in this case. The
court in sustaining the service says: "The object of the service
is attained when the agent served is of sufficient rank and charac-
ter as to make it reasonably certain that the corporation will be
notified of the service, and the statute is complied with if he be a
managing or business agent in any specified line of business trans-
acted by the corporation in the State where the service is made.
That Shotwell, upon whom the service was made, was such an
agent is manifest from the facts above stated." A similar ruling
as to a similar agent was made in the case of Tuchband v. Chicago
& Alton R. Co., 115 N. Y. 437. In the case of Green v. C. B. &
Q. Ry. Co. (decided April 29, 1907), 205 U. S. 530, the Supreme
Court of the United States decided: "While in a case of diverse
citizenship the suit may be brought in the Circuit Court for the
district of the residence of either party, there must be service
within the district; and if the defendant is a non-resident cor-
poration, service can only be made upon it if it is doing business in
that district in such a manner, and to such an extent, as to war-
rant the inference that it is present there through its agent. A
railroad company which has no tracks within the district is not
doing business therein in the sense that liability for service is
incurred because it hires an office and employs an agent for the
merely incidental business of solicitation of freight and passenger
traffic." By way of distinguishing that case from the Roller case
and the Tuchband case, cited supra, the court says: "The ques-
tion here is whether service upon the agent was sufficient, and one
element of its sufficiency is whether the facts show that the de-
fendant corporation was doing business within the district. It is
obvious that the defendant was doing there a considerable business
of a certain kind, although there was no carriage of freight or pas-
sengers. In support of his contention that the defendant was
doing business within the district in such a sense that it was
liable to service there, the plaintiff cites Denver &c. R. Co. v.
Roller, 100 Fed. 738, and Tuchband v. Chicago &c. R. R., 115 N.
Y. 437. The facts in those cases were similar to those in the pres-
case. But in both cases the actions were brought in the State
courts, and the question was of the interpretation of a State

statute, and the jurisdiction of the State courts." This language connotes the idea that certain modes of service may be sufficient to give jurisdiction for State purposes and not for Federal purposes. It may be that the service in this case is of such a nature that if, upon a judgment rendered by virtue of it, suit should be brought in a sister State, the full faith and credit clause of the Federal constitution would not compel recognition of its validity; yet such a judgment is as enforceable as any other judgment may be in the courts of this State. That a judgment may have such attributes, see the case of Haddock v. Haddock, 201 U. S. 562.

We are satisfied that the legislature of this State intended that service upon an agent bearing such relation to a corporation as Knight does to the defendant in this case should be sufficient under the broad language of § 1899 of the Civil Code: "Service of all subpoenas, writs and attachments, and other process necessary to the commencement of any suit against any corporation in any court, except as hereinafter provided, may be perfected by serving any officer or agent of such corporation, or by leaving the same at the place of transacting the usual and ordinary public business of such corporation, if any such place of business then shall be within the jurisdiction of the court in which said suit may be commenced. The officer shall specify the mode of service in his return." To this legislative intent it is our duty to give effect, and we will let the Federal question take care of itself. See Southern Bell Tel. Co. v. Parker, 119 Ga. 727.

It was the privilege of the defendant to file demurrer, thereby pleading to the merits, without waiving the right to object to the service, upon expressly stating, as it did, that it was filed subject to the action of the court upon the preliminary question. High v. Padrosa, 119 Ga. 648; Medical College of Georgia v. Rushing, 124 Ga. 239 (3). Such an appearance, if the defendant had been successful in its effort to dismiss the action through the special appearance, would not have conferred jurisdiction upon the court, and would not have amounted to a waiver of process.

*Judgment reversed.*