## 22025. SMITH v. NOLTING FIRST MORTGAGE CORPORATION.

DECIDED MAY 10, 1932.

*Roy S. Drennan,* for plaintiff.

*Pearce Matthews, William P. Kennedy,* for defendant.

LUKE, J. A. G. Smith brought suit against Nolting First Mort-·gage Corporation, in Fulton superior court, for commissions alleged to be due on a contract relative to a loan. The return of service was as follows: "Georgia, Fulton County. Served the defendant Nolting First Mortgage Corporation, a corporation, by serving B. L. Stokes, agent, by leaving a copy of the within writ and process with him at the office and place of doing business of said corporation in Fulton county, Georgia." The defendant traversed this return of service, and filed a plea to the jurisdiction; the substance of the traverse and the plea being that the defendant did not at the time of service, and does not now, do business in the State of Georgia, nor have any agent or place in Georgia for transacting its usual and ordinary public business; but that it is a nonresident corporation of the State of Virginia, and was such at the time of the filing of the suit and return of service. The court directed a verdict for the defendant and entered judgment in its favor on the plea to the jurisdiction and on the traverse; and the plaintiff assigns error on this judgment.

The only evidence introduced was that of Claud R. Davenport, vice-president and treasurer of the defendant corporation, who testified, in substance, that he was the officer of the defendant company who had charge of Stokes and outlined to him his duties and in-

structions; that Stokes was employed and paid a salary by the defendant corporation to secure and submit loans; that the corporation pays the expense of the office maintained by Stokes in Atlanta; that applications for loans are considered and passed upon by the home office in Richmond; that Mr. Stokes had no authority from the company to make any contracts or agreements with reference to these loans generally; that he (the officer in charge of Stokes) called Mr. Stokes a mortgage-loan correspondent; that there is no general agent of the defendant company who maintains an office or place of business in Georgia; that loans procured by Stokes are closed through the company's attorney at the point of closing, and Mr. Stokes has nothing to do with the details of the transaction, the money being sent direct to the attorney; that the loan is made to the borrower and the commission is charged to the borrower; that there is nothing in the company's agreement with Stokes which would prevent the company from considering applications from others; that all notes, loan deeds, etc., taken by the company are sent to Richmond, and there is no business done by the company in this State other than heretofore described; and that Mr. Stokes was not authorized to create obligations for the corporation.

Counsel for the plaintiff, in his brief, says: "Plaintiff in error especially relies on the case of *Bell* v. *New Orleans & Northeastern Ry. Co.*, 2 *Ga. App.* 812 [59 S. E. 102]." This case would be authority for the plaintiff were it not for the fact that the Supreme Court, in cases based substantially on the same state of facts as the instant case, has declined to follow it. In the case of *Vicksburg &c. Ry.* v. *DeBow*, 148 *Ga.* 738, 741 (98 S. E. 381), the Supreme Court said: "We have with great hesitancy reached a conclusion contrary to that reached in the *Bell* case. . . The facts in the *Bell* case are not materially different from those in the instant case." In the *DeBow* case the nonresident corporation maintained a commercial agent in this State to solicit business, and paid the expenses of his office in Atlanta; and the Supreme Court held that "the mere solicitation of business within the State, 'unaccompanied by a local performance of contract obligations,' is not 'doing business' within the State so as to bring the corporation within the jurisdiction of the courts of the State. . . The effort of the resident soliciting agent of the corporation to obtain business within this State to be done elsewhere was a mere incident of the corporation's business,

important though it might be; and it can not be affirmed that merely soliciting business within the State to be done wholly outside of the State is 'doing business' within the State so as to give the corporation a presence within the State for the purpose of service of process." The opinion further shows that in determining this question it has kept in view "the broad principle of interstate comity," and has accorded "full faith and credit to like judgments obtained upon such service by a citizen in the courts of another State against a corporation of this State." See also *Southeastern Dist. Co.* v. *Nordyke,* 159 *Ga.* 150 (125 S. E. 171). Under the foregoing authority the court properly rendered judgment in favor of defendant on the plea to the jurisdiction and on the traverse to the return of service.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*