## 28842. COOPER et al. v. ROSSER.

Hall, Justice.

Plaintiffs appeal from a judgment for the defendant in a suit to enjoin encroachments and for damages.

1. Eight of nine enumerations allege that the evidence demanded a finding in favor of the appellants against appellee. With reference to actions in superior court tried upon the facts without a jury, as in this case, Code Ann. § 81A-152 (a) provides in part: "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witness." This court has consistently held that even though the findings of fact contended for by the appellants would have been authorized by the evidence presented on the trial, yet, where the facts found by the trial court were authorized by the evidence such findings will not be set aside. *Brook Forest Enterprises v. Paulding County,* 231 Ga. 695 (203 SE2d 860); *Balkcom v. Vickers,* 220 Ga. 345 (138 SE2d 868); *Lockwood v. Daniel,* 194 Ga. 544, 548 (22 SE2d 85). In each instance there is evidence of record to support the finding of the trial court in favor of appellee and the evidence did not demand a finding in favor of appellants. In the instances where the trial court found there was insufficient evidence as to existence of an alley, size of an alley, and the encroachment of defendant on property of plaintiffs, there is a paucity of probative evidence and the existing evidence cannot be said to demand a finding in favor of appellants.

2. The court below found the evidence insufficient

to show that defendant Rosser had encroached upon any property owned by either plaintiff Cooper or plaintiff Gladden, and the court further found that if, in fact, any encroachment did exist, defendant Rosser had acquired adverse title thereto.

Cooper objects to the latter portion of this ruling, concerning the acquisition of adverse title, on the ground that it conflicts with this portion of the pre-trial order: "It being stipulated between the parties that the issues involved as to the dispute with reference to the land involves the location of the land line and not title except as to the contentions made on behalf of plaintiffs Thigpen and Mountcastle that they are owners of the alley."

A pre-trial order, limiting the issues for trial, controls the subsequent course of the action unless modified at the trial. Code Ann. § 81A-116; *Dumas v. Beasley,* 218 Ga. 349 (128 SE2d 59); *Metropolitan Transit System v. Barnette,* 115 Ga. App. 17 (153 SE2d 656). Because the pre-trial order here was not modified, Cooper argues that the latter portion of the ruling was unauthorized and prejudicial.

We note, first, that where a suit presents issues of possible encroachments existing for a long period of time, it becomes less certain that the issue of the placement of the land line may be discussed separately from the issue of title, because of the possibility that encroachments leading to the acquisition of adverse title may determine the land line. We note also that the pre-trial order listed as one of the "Contested Issues of Fact," "Whether or not the defendant Rosser is trespassing upon the property of plaintiff Cooper or plaintiff Gladden."

A pre-trial order should be liberally construed to allow the consideration of all questions fairly within the ambit of the contested issues. Where the question of precluding issues is raised, the matter is within the discretion of the trial judge. Where, as here, there can be no viable claim of surprise or unfairness in the court's consideration of the issue involved in the ruling, we will not conclude that the court abused its discretion under the pre-trial order in making the ruling to which Cooper objects. See 6 Wright & Miller, Federal Practice and Procedure: Civil § 1527, pp. 608-609 (1971); 3 Moore's

Federal Practice, § 16.19, p. 1132 (1974). Indeed, a pretrial order will be deemed modified to conform to evidence admitted without objection. 1A Barron & Holtzoff, Federal Practice and Procedure, § 473, pp. 850-851 (1960).

Each of the alleged encroachments occurred on lands contiguous to those deeded to appellee. Possession under a duly recorded deed will be construed to extend to all the contiguous property embraced therein. Code § 85-405. The limitation "embraced therein" restricts the extension to lands embraced within the deed. *Campbell v. Gregory,* 200 Ga. 684 (38 SE2d 295); *Rowe v. Henderson Naval Stores Co.,* 143 Ga. 756 (85 SE 917). The evidence is insufficient to support a finding of adverse possession under Code § 85-407 or a 20-year prescriptive title under Code § 85-406.

In view of the alternative finding of the trial court, the case is remanded to find without alternatives whether the evidence is insufficient or not to show encroachment.

*Case remanded with direction. All the Justices concur.*

ARGUED MAY 13, 1974 — DECIDED JULY 16, 1974 — REHEARING DENIED JULY 30, 1974.

*Dunaway & Perry, Marson G. Dunaway, Jr.,* for appellants.

*Gammon & Anderson, Wayne W. Gammon,* for appellee.