## 29545. RICHARD ROE et al. v. JOHN DOE et al.

INGRAM, Justice.

The issue in this ejectment case from DeKalb Superior Court is whether the trial court erred in directing a verdict for the plaintiff. The defendant contends there are disputed questions of fact which should have been resolved by the jury, whereas plaintiff contends the evidence demanded a verdict in his favor.

Both parties own lots fronting on the east side of Second Street in Stone Mountain, Georgia. Plaintiff's lot lies contiguous to and north of the lot owned by defendant. Some 16 or 17 years prior to this litigation, defendant had a concrete block garage constructed on the north side of her property which plaintiff contends encroaches upon the south side of his lot by extending approximately 11 feet across the line onto his property. Plaintiff contends he did not learn until 1971 that defendant's garage was encroaching upon his land. Defendant denies that any part of her garage is located on plaintiff's property, and also contends that plaintiff is now estopped to complain of the garage since it has been in the same place in open view of plaintiff for the past 17 years.

Various deeds and plats were introduced into evidence by both parties. Defendant acquired title to her property by warranty deed dated May 31, 1965, from her mother, Mrs. Daisy Hicks, although the deed was not filed for record until August 27, 1971. It contains the following description: "All that lot or parcel of land lying and being in the City of Stone Mountain, DeKalb County, Georgia, beginning at a point on the Northeast side of 2nd Main St. eighty-seven (87) feet south of property of Dr. V. W. Osborn, and running along said 2nd Main Street in a Northly direction a distance of eighty-seven (87) feet to a stake at the corner of property belonging to said Dr. V. W. Osborn, in an Easterly direction a distance of two hundred ten and one-half (210.5) feet to a stake on 3rd Main Street; thence along said 3rd Main Street in a Southerly direction a distance of seventy-five (75) feet to a stake; Thence in a straight line Westerly two hundred ten and two tenths (210.2) feet to a stake and to the point of beginning; being more particularly described in a plat thereof, made by

Gordon Nalley, County Surveyor, May 22, 1946."

Defendant's mother, Mrs. Daisy Hicks, received title to the property under a warranty deed dated March 22, 1947, from R. V. Venable which was also filed for record on August 27, 1971. It contains this description: "All that lot or parcel of land lying and being in the City of Stone Mountain, DeKalb County, Georgia, *beginning at a point on the Northeast side of 2nd Main Street, eighty-seven (87) feet south of property of Dr. V. W. Osborn, and running along said 2nd Main Street in a northernly direction a distance of eighty-seven (87) feet to a stake at corner of property belonging to said Dr. V. W. Osborn; thence along the line of said Dr. V. W. Osborn in an Easternly direction a distance of two hundred ten and one-half (210.5) feet to a stake on 3rd Main Street;* thence along said 3rd Main Street in a Southernly direction a distance of seventy-five (75) feet to a stake; thence in a straight line westerly two hundred ten and two-tenths (210.2) feet to a stake, the point of beginning. Being more particularly described in a plat thereof, made by Gordon Nalley, County Surveyor, May 22nd, 1946. Said plat is attached hereto and made a part of this deed." (Emphasis supplied.)

A portion of the description in the deed to defendant's immediate predecessor in title is italicized above to emphasize that it is dependent upon the south property line of Dr. V. W. Osborn. The beginning point is located on the northeast side of 2nd Street (2nd Main Street) 87 feet south of Dr. Osborn's property. The description then provides the line runs northerly along 2nd Street to the Osborn corner and then extends along the Osborn line in an easterly direction for 210.5 feet to 3rd Street. This is significant because Dr. V. W. Osborn is a predecessor in title to the plaintiff in this case. Dr. Osborn took title in 1925 and conveyed the lot now owned by plaintiff to Willie F. Waters by warranty deed in 1949. Willie F. Waters conveyed the property by warranty deed to H. D. Bell in 1952, and he, in turn, conveyed the property to plaintiff by warranty deed in 1953.

Consequently, when defendant received title to her property by warranty deed dated May 31, 1965, and recorded in 1971, the north line of her property necessarily ran along and was fixed by the location of the

south line of plaintiff's property which is contiguous to and north of defendant's property. The plat of plaintiff's property shows that defendant's garage extends across this property line, dividing the properties of plaintiff and defendant, for a distance of approximately 11 feet in depth. The plat of defendant's property, which is a part of her chain of title, does not conflict with the description contained in plaintiff's chain of title or the plat of plaintiff's property. Defendant's plat simply shows the dimensions of defendant's property and of other lots lying south of defendant's property which also front upon 2nd Street. It also shows the line of an old fence across a portion of the south side of plaintiff's property near the property line dividing the lots of plaintiff and defendant. However, there is no evidence that this fence is the dividing line between the two properties. Thus the record title of the parties, as disclosed by the transcript, reveals that defendant's garage is in fact encroaching upon plaintiff's property as determined by the trial court.

We know of no theory of estoppel upon which the defendant could prevail under the evidence in this case. Her claim of title to the land in question must rest upon prescription. She cannot successfully claim prescriptive title by adverse possession under color of title for seven years because the disputed land she claims is not embraced within the property described in her deed. See *Cooper v. Rosser,* 232 Ga. 597, 599 (207 SE2d 513). This relegates defendant's claim to one of prescriptive title by adverse possession for 20 years. Code § 85-406. The undisputed evidence established that defendant's garage has been in place for no longer than 17 years and thus prescriptive title has not ripened therefrom.

The evidence discloses no issue for the jury to decide since it established plaintiff's superior claim of title to the land in question and the trial court's direction of a verdict in plaintiff's favor must be affirmed.

*Judgment affirmed. All the Justices concur.*

Submitted January 3, 1975 — Decided February 12, 1975.

*Margaret Hopkins, James R. Venable,* for ap-

pellants.
  *Mackay & Elliott, Thomas W. Elliott,* for appellees.