### 30633. TAYLOR et al. v. KYLER.

GUNTER, Justice.

This appeal is from a judgment rendered by the trial judge after a trial before him without a jury. The complaint below, brought by the appellee here, sought to set aside two deeds on the ground of lack of consideration, failure of consideration, and fraud. The trial judge conducted a trial, rendered written findings of fact and conclusions of law, and entered judgment in favor of the

plaintiff-appellee.

Three of the conclusions of law rendered by the trial judge are quoted here:

5

The Court further finds as a conclusion of law that as a result of the confidential relationship, the Plaintiff was induced by the Defendant to execute the deeds herein above described by promises to care for Plaintiff in her old age.

6

This Court further finds as a conclusion of law that the Defendants Taylor completely and totally failed and refused to care for and take care of Plaintiff Kyler when she became aged and infirm even though the responsibility of such care was given to them, thereby resulting in a total and complete failure of consideration for the deeds executed by Plaintiff Kyler to Defendants Taylor.

7

The Court finds as a conclusion of law that the Defendants Taylor never intended to care for the Plaintiff but the promises were made solely to induce her to convey her property to the Defendants Taylor. The Court, therefore, finds as a matter of law, the deeds were procured by fraud.

The appellants have come here for review, and their only enumerated error is: "Appellants' sole enumeration of error is that the verdict as rendered was not supported by sufficient evidence."

We have reviewed the transcript; there is evidence to support the findings of fact and conclusions of law rendered by the trial judge; we cannot say that the evidence demanded a judgment in favor of the appellants; and the judgment must therefore be affirmed. *L. M. Wiley, Parish & Co. v. Kelsey,* 13 Ga. 223 (1853); *Cooper v. Rosser,* 232 Ga. 597 (207 SE2d 513) (1974).

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 13, 1976 — DECIDED MARCH 11, 1976.

*Moon & Douglas, Roger E. Douglas,* for appellants. *Bennett, Saliba & Wisenbaker, George M. Saliba,*

*Reginald C. Wisenbaker,* for appellee.