## 57453. AETNA CASUALTY & SURETY COMPANY et al. v. MALCOM et al.

UNDERWOOD, Judge.

A party insured by Aetna Casualty & Surety Company inadvertently left her fur coat in a taxicab driven by Cornell Henderson and bearing the name Jett Cab Company. The insured, upon being unable to locate the coat, telephoned Jett Cab Company and disclosed her loss. The coat was never recovered and Aetna paid its insured and filed this action pursuant to its subrogation interests.

Malcom, d/b/a Jett Cab Company, answered contending that Henderson was an independent contractor, subsequently moved for summary judgment and filed a supporting affidavit alleging that Henderson was not subject to supervision or control of Malcom, did not share in the profits or losses of Jett Cab Company, but paid a fee for operating out of Jett's cab stand. In opposition to the motion for summary judgment, the insured filed an affidavit in which she stated that Jett Cab Company had acknowledged by telephone that Henderson was employed as one of its drivers.

After considering the pleadings, affidavits and argument of counsel the trial court granted Malcom's motion for summary judgment. Aetna contends, on appeal, the trial court erred because there were unresolved issues of fact concerning the existence of an

agency relationship between Henderson and Malcom. We affirm.

In *Clark v. Atlanta Veterans Transp.,* 113 Ga. App. 531, 533 (148 SE2d 921) (1966), we held that mere evidence of lettering appearing on the side of the taxicab, together with a card delivered by the driver to a passenger bearing the driver's name, the cab number and telephone number of the company operating taxicabs, is not sufficient to raise a presumption of agency on the part of the driver for the company. "[E]vidence that the cab had the name 'Checker Cab' lettered on it was not proof of ownership of the vehicle or of agency on the part of the driver." See also *Southern R. Co. v. Hullender,* 62 Ga. App. 274 (8 SE2d 674) (1940). "Generally there are two circumstances to be proven in order to raise the necessary inference that the vehicle was being operated in the master's business and within the scope of the employee's employment, viz., ownership of the vehicle by the master and that the driver was the owner's servant." *Clark v. Atlanta Veterans Transp.,* supra, p. 533.

We recently reaffirmed the rule that "The bare assertion or denial of the existence of an agency relationship is a statement of fact when made by one of the purported parties to the relationship; but when made by an outsider, bare assertions or denials are merely conclusions of law. [Cits.] The affidavit . . . denying the existence of agency must be received as evidence of a fact, which cannot be overcome by conclusionary affidavits . . ." *Brewer v. Southeastern Fid. Ins. Co.,* 147 Ga. App. 562, 563 (249 SE2d 668) (1978).

Here we have a denial of any agency relationship by the principal who is the defendant in the action. The insured's affidavit sets forth her contrary conclusions based in part on her telephone conversation with an unknown party at Jett Cab Company. "The testimony of one person to a conversation had with another person over a telephone, in which the person testifying did not know the other person or recognize the other's voice, had not at the time ever heard the voice, and had never heard it since, and the identity of such other persons is not established otherwise than by what was said in the conversation itself, is hearsay and inadmissible; . . ." *Price*

*v. State,* 208 Ga. 695 (1) (69 SE2d 253) (1952); *Cannady v. Lamb,* 146 Ga. App. 850, 851 (247 SE2d 500) (1978).

The alleged principal's denial of an agency relationship not having been opposed with credible contentions supporting such a relationship, his motion for summary judgment was properly granted by the trial court.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

SUBMITTED MARCH 6, 1979 — DECIDED APRIL 30, 1979.

*Spencer J. Krupp, Hirsch Friedman,* for appellants.
*Murray & Temple, Malcolm S. Murray, William A. Dinges,* for appellees.