## 61385. THAXTON v. GEORGIA INSURER'S INSOLVENCY POOL.

CARLEY, Judge.

Appellant-plaintiff filed suit and alleged in his complaint: "[Appellee] may be served by serving Robert R. Potter, located at 771 Spring Street, N. W., Atlanta, Georgia, 30308, in accordance with Georgia Code Annotated, 56-1202." Code Ann. § 56-1202 provides: "Service of process against a domestic insurer may be made upon the insurer corporation in the manner provided by laws applying to corporations generally, or upon insurer's attorney-in-fact if a reciprocal insurer or a Lloyd's Association." The entry of service by the deputy sheriff shows process was served as follows: "Served the Defendant Georgia Insurer's Insolvency Pool, A Corporation, by serving Robert R. Potter by leaving a copy of the within writ and summons with Him at the office and place of doing business of said Corporation, in Fulton County, Ga."

Appellee filed its answer, raising among its defenses insufficiency of process and insufficiency of service of process. Code Ann. § 81A-112 (b) (4) and (5). Appellee subsequently moved to dismiss the action on the basis of these Code Ann. § 81A-112 (b) (4) and (5) defenses. *Hayes v. Superior Leasing Corp.,* 136 Ga. App. 98 (220 SE2d 86) (1975). Appellee's motion to dismiss was supported by the affidavit of Potter, who stated therein: "That he is an attorney ... , that he, ... , has in the past represented the interests of the GEORGIA INSURER'S INSOLVENCY POOL in defending claims over which the pool has responsibility. The only such claim in existence at the present time is the instant claim, and ... Robert R. Potter ... [has no] other dealings or responsibilities whatsoever

related to the GEORGIA INSURER'S INSOLVENCY POOL. The affiant has not been designated as attorney-in-fact for the GEORGIA INSURER'S INSOLVENCY POOL pursuant to Ga. Code Ann. § 56-2110, nor has he otherwise been designated as attorney-in-fact for the pool as that term is defined under Georgia law. The affiant is not a registered agent for service of process for the GEORGIA INSURER'S INSOLVENCY POOL, nor is he otherwise designated as an agent to receive service of process on behalf of the pool."

A hearing was held on appellee's motion to dismiss. Appellant conceded that appellee is not a reciprocal insurer or Lloyd's association and that service of process on Potter as the attorney-in-fact for appellee would not, therefore, have been authorized under Code Ann. § 56-1202. Relying, however, on the provision of Code Ann. § 56-1202 that service of process "may be made upon the insurer corporation in the manner provided by law applying to corporations generally," appellant contended that Potter was an "agent" of appellee and that service upon him in that capacity was sufficient service upon appellee under Code Ann. § 81A-104 (d) (1), providing for personal service upon a domestic corporation by delivery of the summons and complaint "to the president or other officer of the corporation, secretary, cashier, managing agent, or *other agent* thereof." (Emphasis supplied.) Appellant offered no evidence in support of the contention that Potter was an "agent" within the meaning of Code Ann. § 81A-104 (d) (1). *Southeastern Fidelity Ins. Co. v. Heard,* 123 Ga. App. 635, 637 (3) (182 SE2d 153) (1971). Appellant urged only that Potter's denial that he was such an agent was insufficient to successfully traverse the entry of service. The trial court disagreed and granted appellee's motion to dismiss. Appellant appeals.

" '(S)ervice of process on merely an apparent agent is not sufficient. It must be made on an actual agent.' [Cit.]" *Southeastern Fidelity Ins. Co.,* 123 Ga. App. at 638, supra. " 'The bare assertion or denial of the existence of an agency relationship is a statement of fact when made by one of the purported parties to the relationship; but when made by an outsider, bare assertions or denials are merely conclusions of law. (Cits.) The affidavit . . . denying the existence of agency must be received as evidence of a fact, which cannot be overcome by conclusionary affidavits . . .' [Cit.]" *Aetna Cas. &c. Co. v. Malcom,* 149 Ga. App. 754, 755 (256 SE2d 117) (1979). Thus, contrary to appellant's contentions, the denial by Potter, the purported "agent," was evidence of the fact that no agency relationship existed between himself and appellee. Compare *Rupee v. Mobile Home Brokers,* 124 Ga. App. 86, 88 (2) (183 SE2d 34) (1971), in which the affiant's "connection" with the purported principal-defendant was

not disclosed and his denial of agency was, therefore, no more than an "outsider's" mere conclusion. The trial court was the trier of fact at the hearing on the motion to dismiss. *Walker & Assoc. v. Buschman, Inc.,* 147 Ga. App. 851, 852 (1) (250 SE2d 532) (1978). The alleged agent's denial of an agency relationship not having been opposed with "credible contentions supporting such a relationship," *Aetna Cas. &c. Co. v. Malcom,* 149 Ga. App. 754, 756, supra, the grant of the motion to dismiss was not error. *Adair Realty Co. v. Greenbriar-Fulton, Inc.,* 149 Ga. App. 669 (255 SE2d 128) (1979); *Headrick v. Fordham,* 154 Ga. App. 415 (268 SE2d 753) (1980).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED APRIL 30, 1981.

*L. Griffin Turner,* for appellant.
*Robert R. Potter,* for appellee.