63039. HAND v. KELLER et al.

QUILLIAN, Chief Judge.

Hand brought this action against defendant Keller to set aside a foreclosure sale or in the alternative for an accounting of the receipts thereof. A few weeks later a hearing was held at which the defendants' filed their answer and a motion to dismiss the complaint for failure to state a claim upon which relief could be granted. At the hearing the motion to dismiss was not acted upon as the parties agreed that the case would be removed from the calendar and would be submitted to the court on a stipulation of facts and briefs. Four months later no such stipulation or briefs had been filed, and the trial court, without notice to plaintiff or a hearing, granted defendants' motion to dismiss, specifically because it failed to state a claim upon which relief could be granted. The trial court subsequently denied

plaintiff's motion to set aside the dismissal and, contrary to its earlier order, stated that the motion to dismiss was granted because the parties had failed to submit any stipulations or briefs to the court as agreed. Plaintiff appeals because his complaint was dismissed without affording him a hearing. *Held:*

We reverse.

Code Ann. § 81A-112 (d) (Ga. L. 1966, pp. 609, 622 through 1972, pp. 689, 692, 693) provides that motions to dismiss for failure to state a claim upon which relief can be granted "shall be heard. . . ."

Despite appellees' argument that appellant waived the right to a hearing on the motion to dismiss by agreeing to submit the case on stipulated facts and briefs, we do not find waiver. An agreement to submit a case on stipulated facts clearly is not an agreement to waive a hearing on an unresolved motion to dismiss for failure to state a cause of action. The trial court should have scheduled a hearing before ruling on the motion.

"[T]he court failed to order a hearing (on a motion to dismiss) under Code Ann. § 81A-112 (d), nor do we find in the record any application for hearing by any party. . . . The trial judge did not order a hearing on the motion to dismiss, and thereby afford to the opposing parties an opportunity to present evidence, or to contest the contentions or evidence of the . . . defendants. In the posture of the case, the judgment sustaining the motion to dismiss was premature and erroneous." *Taylor v. Malden Trust Co.,* 129 Ga. App. 330 (2), 331-2 (199 SE2d 553).

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 11, 1982.

*Gus L. Wood,* for appellant.
*Ben R. Freeman,* for appellees.