## 66726. GEORGIA POWER COMPANY v. O'BRYANT.

POPE, Judge.

On January 4, 1982 appellee Bruce O'Bryant brought this action against appellant Georgia Power Company for damages resulting from extensive electrical burn injuries sustained by him on November 26, 1980. Appellant filed a timely answer and on September 21, 1982 a pretrial order was entered in the case. On January 7, 1983 appellant filed a motion for preliminary hearing pursuant to OCGA § 9-11-12 (d) (Code Ann. § 81A-112), seeking to dismiss this action on the ground of insufficiency of service of process. Following a hearing, the trial court denied the motion but certified its order for immediate review. See OCGA § 5-6-34 (b) (Code Ann. § 6-701). This court granted appellant's petition for interlocutory review.

In support of its motion to dismiss, appellant showed that the summons and copy of the complaint were served upon one Thomas J. Hartland, Jr., an Atlanta attorney. At all times pertinent to this action, Mr. Hartland was not an officer, employee or agent of appellant. On the date of service in this case, Mr. Hartland was the registered agent for Georgia Power Company Federal PAC, Inc., a nonprofit corporation registered with the Federal Election Commission as a political committee. Georgia Power Company Federal PAC, Inc. has no corporate structural relationship with appellant or with appellant's parent corporation, the Southern Company. Appellant asserts that it preserved the issue of insufficiency of service of process by including the issue in its responsive pleadings and by bringing a motion for a preliminary hearing on the issue prior to trial. See *Hayes v. Superior Leasing Corp.,* 136 Ga. App. 98 (220 SE2d 86) (1975). The trial court found that the pretrial order entered in this case on September 21, 1982 controlled the issues in the case, that the pretrial order contained no reference to the issue of insufficiency of service of process, and that appellant had not been prejudiced by any defect in the service of process.

The facts of record on appeal, recited above, disclose that appellant was not properly served in this case pursuant to the Civil Practice Act. See OCGA § 9-11-4 (d)(1) (Code Ann. § 81A-104); *Thaxton v. Ga. Insurer's Insolvency Pool,* 158 Ga. App. 407 (280 SE2d 421) (1981). Pursuant to OCGA §§ 9-11-12 (b) and (d) (Code Ann. § 81A-112) appellant properly raised the issue in its answer and then moved for a hearing on the matter prior to trial. Thus, appellant did not waive this issue under OCGA § 9-11-12 (h) (Code Ann. § 81A-112). "It is a long standing rule of law that where the record

discloses that a defendant [here, appellant] was never served with a copy of the complaint and summons attached thereto, and if the defendant has not either waived service or made a general appearance in the case, there is no valid suit pending in the trial court and the trial court does not acquire personal jurisdiction over the defendant. [Cit.] *However, any act by which one consents to the jurisdiction of the court constitutes a waiver. Jones v. Roberts Marble Co.,* 90 Ga. App. 830 (84 SE2d 469) (1954)." (Emphasis supplied.) *Bigley v. Lawrence,* 149 Ga. App. 249, 250 (253 SE2d 870) (1979). See *Bell v. New Orleans & N. R. Co.,* 2 Ga. App. 812, 816 (59 SE 102) (1907). "While a party may by his conduct . . . waive a legal right, still where as here the only evidence of an intention to waive is what a party does or forbears to do, 'his acts or omissions to act, relied on, should be so manifestly consistent with and indicative of an intention to voluntarily relinquish a then known particular right or benefit, that no other reasonable explanation of his conduct is possible.' [Cits.]" *Jones v. Roberts Marble Co.,* supra at 832. The issue presented here is whether appellant, by its actions, waived any defect in service and thus consented to the jurisdiction of the trial court.

In its order denying appellant's motion to dismiss, the trial court found that appellant had appeared at the pretrial conference on September 20, 1982, the stated purpose of which was to determine the issues remaining in this case. The issues were set forth as "negligence, proximate cause and damages." Although it specifically withdrew its 11th defense (based upon the Workers' Compensation Act), appellant did not indicate to the trial court that insufficiency of service of process was still an issue in the case, and the order issued as a result of the pretrial conference set forth only "negligence, proximate cause and damages" as issues remaining in the case. Appellant appeared at the calendar call of this case on January 7, 1983 and announced ready for trial; the case was specially set for trial on January 17, 1983. Appellant again made no indication to the trial court that an issue remained as to insufficiency of service of process. Appellant filed no motion to amend the pretrial order, but filed its preliminary motion to dismiss on the afternoon of January 7, 1983.

"The purpose of process and service is to bring the defendant into court. [Cits.] The object of service on the defendant is to afford him notice of the pendency of the proceeding and to afford him an opportunity to appear and to be heard." *Tyree v. Jackson,* 226 Ga. 690, 693 (177 SE2d 160) (1970). The trial court found that appellant had admitted in its answer that it transacted business in Whitfield County and was subject to the jurisdiction of the court. The court also found that appellant had actual knowledge of appellee's complaint

and had made no showing of harm or prejudice resulting from any defect in the service of process. The court noted that appellant had conducted a vigorous defense of the case since the filing of its answer, "including numerous hearings before this court and extensive discovery by both parties." Moreover, the record discloses that appellee (in compliance with the pretrial order) filed an amendment to his pleadings on December 27, 1982 which set out his specifications of negligence, a copy of which was hand-delivered to counsel for appellant. While any one of the foregoing circumstances, in and of itself, might not be sufficient to support a finding that appellant had waived its insufficiency of service of process defense (see, e.g., *Glass v. Byrom,* 146 Ga. App. 1 (245 SE2d 345) (1978)), we conclude that when considered as a whole, as the trial court did here, no other *reasonable* explanation of appellant's conduct in this case is possible. The linchpin of our conclusion is appellant's failure to make any mention whatsoever of its service of process defense in the pretrial order in this case.

The Civil Practice Act, OCGA § 9-11-16 (Code Ann. § 81A-116), provides: "(a) Upon the motion of any party, or upon its own motion, the court shall direct the attorneys for the parties to appear before it for a conference to consider: (1) The simplification of the issues; (2) The necessity or desirability of amendments to the pleadings; (3) The possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof; (4) The limitation of the number of expert witnesses; and (5) Such other matters as may aid in the disposition of the action. (b) The court shall make an order which recites the action taken at the conference and the agreements made by the parties as to any of the matters considered and which limits the issues for trial to those not disposed of by admissions or agreements of counsel. *The order, when entered, controls the subsequent course of the action unless modified at the trial to prevent manifest injustice.*" (Emphasis supplied.) "[T]he legislature has enjoined the courts of this state to construe the act so as 'to secure the just, speedy, and inexpensive determination of every action.' [Cit.] To this end the act should be liberally construed and applied. As was said by Professor John B. Reese, Jr., of the University of Georgia Law School, in an article appearing in 2 Ga. St. Bar J., pp. 419, 420, entitled The Georgia Civil Practice Act of 1966: Preliminary Observations: 'The Act is designed to simplify Georgia Civil Procedure by de-emphasizing form and technicality in order that the substantive rights of litigants may be asserted and tried on the merits.' E. Freeman Leverett, of the Elberton Bar, restated the same philosophy in an article entitled, Comments on the Georgia Civil Practice Act of 1966, appearing in 3 Ga. St. Bar J. 295: '(The Act) should serve to reduce the number of

decisions which are resolved on grounds having no relation to the merits of the litigation.' These comments undoubtedly reflect the spirit and purpose of the Civil Practice Act and the courts of this state, both trial and appellate, should be diligent to hew not only to the letter of the act, but also to this spirit." *Ambler v. Archer,* 230 Ga. 281, 286-7 (196 SE2d 858) (1973).

Because the trial court may consider "such other matters as may aid in the disposition of the action" at a pretrial conference under OCGA § 9-11-16 (Code Ann. § 81A-116), "a court conducting the pretrial may decide to dispose of all preliminary matters at the conference, rather than leaving them to be raised [by later preliminary motion] before the trial court." 6 Wright & Miller, Federal Practice and Procedure 591: Civil § 1525 (1971). "This is a particularly useful aspect of Rule 16 practice because it often will promote the disposition of the case. For example, any jurisdictional challenges [or any other Rule 12 (b) defenses] should be made at the conference, and the suit dismissed if a fatal defect appears." Id. at 618: Civil § 1529. Cf. Lane v. Brown, 63 FSupp. 684 (3) (E.D. Mich. 1945). "While the pretrial conference pursuant to Rule 16 may serve several functions, perhaps its most important goal is the limitation and simplification of issues in order to avoid unfair surprises to litigants as well as to promote judicial efficiency. [Cit.] . . . . Rule 16 . . . should not be used as a trap by which 'unwary counsel' are precluded from raising issues. [Cit.] But courts have not hesitated to require strict adherence to the limitation of issues contained in pretrial orders that are the product of trilateral communication between the parties and the court. [Cits.]" Ohio-Sealy Mattress Mfg. Co. v. Kaplan, 90 FRD 35, 36-7 (N.D. Ill. 1981). See also *Echols v. Bridges,* 239 Ga. 25, 27 (235 SE2d 535) (1977); *Goolsby v. Allstate Ins. Co.,* 130 Ga. App. 881 (1) (204 SE2d 789) (1974). "The intent and purpose of . . . Rule 16 . . . would be frustrated by having [a trial] court consider legal theories which were not raised in the pretrial procedure. And whether to consider a legal theory not disclosed during pretrial is a matter peculiarly within the discretion of the [trial] judge." Hooper v. Guthrie, 390 FSupp. 1327, 1332-3 (W.D. Pa. 1975); *Cooper v. Rosser,* 232 Ga. 597 (2) (207 SE2d 513) (1974).

The pretrial order in the case at bar discloses not even a hint of reference to the issue of insufficiency of service of process. We are not persuaded that appellant's withdrawal in the pretrial order of its defense based upon the Workers' Compensation Act was indicative of appellant's intention to preserve the Rule 12 (b) defenses contained in its answer, including insufficiency of service of process. Compare *Brumit v. Mull,* 165 Ga. App. 663, 665 (302 SE2d 408) (1983), wherein the pretrial order recited that defendant's defenses

were set forth in his answer. Nor has appellant in this case made any effort to modify the pretrial order. "The pre-trial order is an indispensable mechanism in the [trial] court. Its purpose is to determine which of the claims pleaded will actually be tried. The claims, issues, and evidence are limited by the order and the course of the [action] is thereby narrowed to expedite the proceeding. Once the order is entered, it controls the scope and course of the [action]. If a claim or issue is omitted from the order, it is waived. Because of the importance of the pre-trial order in achieving efficacy and expeditiousness . . . in the [trial] court, appellate courts are hesitant to interfere with the court's discretion in creating, enforcing, and modifying such orders. [Trial] courts are encouraged to construe pre-trial orders narrowly without fear of reversal. Unless the court has abused its discretion, its ruling concerning the order will not be disturbed on appeal." (Citations and punctuation omitted.) Flannery v. Carroll, 676 F2d 126, 129-30 (5th Cir. 1982). While the better practice in Rule 16 proceedings would be to make specific reference as to the disposition of preliminary matters such as those raised pursuant to Rule 12 (b), in light of the circumstances in this case, especially those cited by the trial court, we find that the trial court did not abuse its discretion in concluding that the pretrial order was controlling as to the issues remaining in the case.

Our holding here comports with the "spirit" of the Civil Practice Act as enunciated in *Ambler v. Archer,* supra. It is clear from the record here that appellant knew that the service of process upon it was insufficient from the time its answer was filed. Nevertheless, it purposefully neglected to pursue this issue until *after* the statute of limitation had run on appellee's claim, thereby making a favorable decision on this procedural issue a total bar to any future consideration of the merits of appellee's case. To have successfully pursued this issue at the pretrial conference would have afforded appellee the opportunity to refile its case and secure proper service before the tolling of the statute of limitation. Any approval by this court of appellant's procedural "sandbagging" in this case would reintroduce the sporting aspect of pleading the Civil Practice Act was designed to eliminate. The record on appeal supports a finding that appellant, by its actions, waived its insufficiency of service of process defense and thus consented to the jurisdiction of the trial court. No other *reasonable* explanation of appellant's conduct is possible. Accordingly, the trial court did not err in denying appellant's motion to dismiss.

*Judgment affirmed. Deen, P. J., Banke, Sognier, JJ., Judge Clarence L. Peeler, Jr., and Judge Dorothy A. Robinson concur. McMurray, C. J., concurs in the judgment only. Shulman, P. J., and*

*Carley, J., dissent. Quillian, P. J., and Birdsong, J., disqualified.*

DECIDED DECEMBER 19, 1983 —
REHEARING DENIED JANUARY 10, 1984 —

*Henry C. Tharpe, Jr., Timothy H. Allred,* for appellant.
*Donald W. Johnson, Robert A. Whitlow* for appellee.

CARLEY, Judge, dissenting

I respectfully dissent from the majority's affirming the trial court's ruling refusing to dismiss the underlying complaint because of insufficiency of service of process. There is absolutely no dispute that the appellant timely "presented" the defense by including it within its answer which was also timely filed. Nor is there any dispute over the fact that, prior to the actual trial of the case, appellant filed a motion pursuant to OCGA § 9-11-12 (d) (Code Ann. § 81A-112) seeking a preliminary hearing on the defense of insufficiency of service of process. The trial court impliedly based its ruling upon waiver, and the majority *expressly* finds that appellant waived that defense. Although the majority refers to several "inactions" of the appellant throughout the litigation process, the majority relies almost exclusively upon the fact that, prior to the filing of the motion for a preliminary hearing, a pre-trial order was entered in this case which did not specifically "preserve" the defense of insufficiency of service of process.

It is my opinion that the entry of a pre-trial order has absolutely no effect upon the right of this appellant to insist upon its defense of insufficiency of service of process since this appellant timely "preserved" that defense and, furthermore, timely sought a judicial determination of the merits of that defense. Where OCGA § 9-11-12 (b) (Code Ann. § 81A-112) defenses are raised in a timely filed answer, they are not abandoned by a failure to raise them by motion prior to the call of the case. *Brown v. Hauser,* 249 Ga. 513, 516 (4) (292 SE2d 1) (1982). "An agreement to submit a case on stipulated facts clearly is not an agreement to waive a hearing on an unresolved motion to dismiss . . ." *Hand v. Keller,* 160 Ga. App. 884, 885 (288 SE2d 597) (1982). By the same token, I do not believe there was any waiver in this case. While a pre-trial order *may* be used to limit or otherwise deal with issues in abatement as well as those on the merits, there is nothing in OCGA § 9-11-16 (Code Ann. § 81A-116) which can support the majority's conclusion that the mere entry of a pre-trial order without mentioning a previously preserved OCGA § 9-11-12 (b) (Code Ann. § 81A-112) defense constitutes a waiver of that defense.

No case cited by the majority supports that conclusion. Every case cited by the majority deals with the waiver of a *triable* issue through the failure to include it in a pre-trial order. None deals with the waiver of an issue in abatement by failure to include it in a pre-trial order.

While conceding that resolution of an issue in abatement before the entry of a pre-trial order is the "better practice," as the author of the majority in the instant case stated in *Brumit v. Mull,* 165 Ga. App. 663, 665 (302 SE2d 408) (1983), "we cannot say that the failure to do so constituted a waiver under the facts of this case." OCGA § 9-11-12 (h) (1) (Code Ann. § 81A-112) provides that a defense of insufficiency of service of process "is waived: (A) If omitted from a motion in the circumstances described in subsection (g) of this Code section; or (B) if it is neither made by motion under this Code section nor included in a responsive pleading, as originally filed." The defense here was included in the appellant's responsive pleading and the appellant sought a determination of the viability of that defense by motion for preliminary hearing pursuant to OCGA § 9-11-12 (d) (Code Ann. § 81A-112). I don't see how, in the absence of a specific waiver in a pre-trial order or elsewhere, we can say that the appellant has waived its previously asserted defense.

I would further note that the very pre-trial order upon which the majority so heavily relies does specifically state: "The 11th defense is withdrawn by the [appellant]." In the 11th defense, appellant had asserted that the cause of action was barred by virtue of the provisions of Code Ann. § 114-103. If appellant intended to waive its right under OCGA § 9-11-12 (d) (Code Ann. § 81A-112) to assert its insufficiency of service defense before trial, it would appear that it too would have been the subject of an express waiver in the pre-trial order. However, the pre-trial order does not provide for the withdrawal, modification, abandonment or waiver of the insufficiency of service of process defense or any of the specifically averred defenses of appellant other than the aforesaid 11th defense. The defense was not waived and appellant is entitled to rely thereon. The majority's characterization of appellant's inaction as procedural "sandbagging" is unwarranted. It was appellee's responsibility to institute an action within the applicable statute of limitations. OCGA § 9-11-12 (d) (Code Ann. § 81A-112) clearly gives "any party" the right to apply for a hearing on the OCGA § 9-11-12 (b) (Code Ann. § 81A-112) defenses. If appellee wished to insure that his action was not subject to dismissal pursuant to appellant's OCGA § 9-11-12 (b) (5) (Code Ann. § 81A-112) defense, he should have invoked a ruling on that defense before the applicable statute of limitations had run. I respectfully dissent.

I am authorized to state that Presiding Judge Shulman joins in this dissent.