69438. KELLER et al. v. HAND.

(328 SE2d 431)

McMURRAY, Presiding Judge.

This is the second appearance of this case in our court. Previously, we held that the trial court erred because it dismissed the plaintiff's complaint without affording him a hearing. *Hand v. Keller,* 160 Ga. App. 884 (288 SE2d 597). In this appeal we must determine whether the trial court properly ruled upon the parties' cross-motions for summary judgment.

Plaintiff Lee Hand brought this suit against defendants Wade F. Keller and Grace O. Keller in the Superior Court of Meriwether County. In his complaint, Hand, a junior lienholder of property owned by Frank and Linda Keller (the defendants' son and daughter-in-law), sought to set aside the foreclosure sale of Frank and Linda Keller's property. Alternatively, Hand sought an accounting of the proceeds of the foreclosure sale. He alleged that Frank and Linda Keller, owners of the property in question, executed a deed to secure debt in favor of the Greenville Banking Company in 1977. He further alleged that he obtained a judgment against Frank and Linda Keller in the amount of $5,324.37 in May 1979 and that the judgment set up a special lien against the property which lien was subordinate to the Greenville Banking Company's mortgage. Plaintiff further alleged that Frank and Linda Keller declared bankruptcy in the United States Bankruptcy Court for the Northern District of Georgia in January 1980 and at the time of the filing of their bankruptcy petition, Frank and Linda Keller were indebted to the bank for the purchase of an automobile, in addition to their indebtedness for the purchase of the property. Plaintiff also alleged that, by purchasing Frank and Linda Keller's indebtedness, defendants acquired Greenville Banking Company's real and chattel mortgage rights vis à vis the property and automobile; that defendants gave notice to Frank and Linda Keller of

defendants' intention to enforce the attorney fee provisions of the notes evidencing the Kellers' indebtedness; that defendants advertised the property for sale on the first Tuesday in May 1980; that defendants purchased the property at the foreclosure sale for the sum of $42,867.74; and that the acts of defendants artificially inflated the amount of the lien which defendants held against the property and deprived the plaintiff of his interest in the property. Defendants answered the complaint and denied the material allegations thereof.

Following discovery, the parties moved for summary judgment filing affidavits in support of their respective motions. Thereafter, the parties stipulated the following facts:

Frank and Linda Keller owned the property in question. They granted the Greenville Banking Company a security interest with reference to the property. Thereafter, plaintiff was awarded a special lien against the property subject to the bank's deed to secure debt.

When the Kellers filed their bankruptcy petition, they were indebted to the bank in the sum of $36,783.86 pursuant to four promissory notes. Three of the notes were secured by the property; the remaining note was secured by a 1974 Chevrolet pick-up truck. All of the notes contained "dragnet clauses" which provided that the collateral for the notes constituted security for any monies owed by the Kellers to the bank.

The bank's lien on the truck was perfected pursuant to the Georgia Motor Vehicle Certificate of Title Act. The bank was the only lienholder with regard to the vehicle.

In March 1980, the bank transferred the promissory notes and its interest in the property and truck to the defendants for $36,783.86. The notes contained provisions for the payment of attorney fees if collection became necessary. Defendants gave notice to Frank and Linda Keller that they would seek attorney fees of $5,580.16 if the Kellers' indebtedness was not paid within ten days of their receipt of the notice. The balance due was not paid by the Kellers within the ten-day period. Thereafter, defendants advertised the property for sale and it was "knocked off" to the defendants for $42,867.74. The effect of the sale was to cut off the plaintiff's interest in the property.

Following a hearing upon the parties' summary judgment motions, the trial court granted plaintiff's motion, in part, and denied defendants' motion. The court held that pursuant to the automatic stay provisions of the Bankruptcy Code, 11 USC § 362, defendants were prohibited from seeking attorney fees against the Kellers after the filing of the bankruptcy petition; that "a question of reasonableness" was presented regarding the attorney fees; and that defendants were liable to plaintiff in the amount of $5,324.37. It also ruled that a question of fact remained as to whether the defendants failed to pursue their lien upon the otherwise unencumbered pick-up truck. De-

fendants appeal, asserting the trial court erred in granting plaintiff's summary judgment motion and in denying their summary judgment motion. *Held*:

1. The trial court erred in granting plaintiff's motion for summary judgment with regard to the attorney fees sought by the defendants. The automatic stay provision of the Bankruptcy Code, 11 USC § 362 (a), was enacted by Congress to provide relief to a debtor. Notes of Committee on the Judiciary, Senate Report No. 95-989. See also *Craig v. Cameron*, 27 Ga. App. 455, 457 (108 SE 828). It does not provide substantive or procedural rights to a junior lienholder. "Not even a strained reading of that subsection or of the balance of section 362 suggests that the stay operates in favor of the [plaintiff] . . ." *In re Stivers*, 31 B. R. 735, 737 (Bkrtcy. N.D.Cal. 1983). In short, plaintiff had no right to assert the automatic stay provision on behalf of Frank and Linda Keller. It follows that the trial court incorrectly awarded partial summary judgment to the plaintiff.

2. The trial court correctly determined, however, that defendants were not entitled to summary judgment. Factual questions remain with regard to defendants' efforts, or lack thereof, to pursue the pickup truck. See OCGA § 18-2-2.

*Judgment affirmed in part and reversed in part. Deen, P. J., and Sognier, J., concur.*

DECIDED MARCH 13, 1985.

*Ben R. Freeman*, for appellants.
*Gus L. Wood III*, for appellee.